JEMO ASSOCIATES, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 80-476—Decided December 30, 1980.)

*Michael D. Saad Co., L.P.A., Mr. Michael D. Saad* and *Mr. James A. Saad,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* R. C. 5703.02(D) authorizes the board to "[a]dopt***rules relating to the procedure of the board in hearing appeals***." Pursuant to this authority, the board adopted Ohio Adm. Code 5717-1-08, which, in relevant part, provides:

"(C) Signing; in general.***A notice of appeal of a corporation***shall be executed by an officer thereof or an attorney at law."

There is no dispute that the notice of appeal herein was signed by appellant's accountant, and thus not signed by an officer of appellant or an attorney as mandated by Ohio Adm. Code 5717-1-08(C). The board dismissed appellant's appeal because it determined that appellant's failure to comply with Ohio Adm. Code 5717-1-08(C) rendered the board jurisdictionally incompetent under R. C. 5717.02 to consider appellant's appeal. The commissioner herein, in effect, asks that we affirm this dismissal either (1) by sustaining the board's jurisdictional determination; or alternatively (2) by ruling that appellant's failure to comply with Ohio Adm. Code 5717-1-08(C) is itself sufficient to justify this dismissal. For reasons set forth, we reject both arguments.

R. C. 5717.02, in part, provides:

"Appeals from final determinations by the tax commissioner***may be taken to the board of tax appeals *by the taxpayer***.*" (Emphasis added.)

The commissioner argues that the board properly dismissed this appeal for lack of jurisdiction because this appeal was not taken "by the taxpayer" within the meaning of R. C. 5717.02. In this connection, the commissioner argues that Ohio Adm. Code 5717-1-08(C) defines the exclusive conditions under which a corporation's notice of appeal to the board is "by the taxpayer" for jurisdictional purposes.

We disagree. Ohio Adm. Code 5717-1-08(C) was adopted

under the authority of R. C. 5703.02(D) which authorizes the board to make rules relating to its procedure in hearing appeals. Therefore, while Ohio Adm. Code 5717-1-08(C) is indeed presumptively binding on us as respects board procedure, see, *e.g., State, ex rel. Kildow,* v. *Indus. Comm.* (1934), 128 Ohio St. 573, 580; *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, 572-574,[1] it is not binding on us as respects board jurisdiction because the General Assembly has not vested the board with any authority to define its jurisdiction. Of course, we must nevertheless give due regard to the board's interpretation of its jurisdictional mandate.[2]

As an interpretation of R. C. 5717.02, Ohio Adm. Code 5717-1-08(C) is simply not persuasive. A corporation's notice of appeal must necessarily be signed by an agent. Nothing in R. C. 5717.02 suggests that the General Assembly intended that an appeal by a corporation be jurisdictionally sufficient only where the agent of the corporation who signs its notice of appeal is either an officer thereof or an attorney.[3] Indeed, under agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact. See, generally, 3 Ohio Jurisprudence 3d, 34-36, Agency, Section 19.

---

[1] As respects board procedure, Ohio Adm. Code 5717-1-08(C) is thus a "legislative rule." A legislative rule is a rule adopted by an agency pursuant to a grant of specific legislative authority. Generally, such a rule has the force and effect of law, and is thus binding on a court, if it is within the agency's rule-making authority, issued pursuant to proper procedure and reasonable as a matter of due process. See 2 Davis, Administrative Law Treatise (2 Ed.), 36-37, Section 7:8.

[2] As respects the jurisdiction of the board, Ohio Adm. Code 5717-1-08(C) is thus an "interpretative rule." An interpretative rule is a rule issued by an agency without specific legislative authority to make such a rule. Generally, it is issued to guide agency staff and regulated parties as to how the agency will interpret its statutory mandate in the absence of an authoritative construction by a court. When challenged, such an interpretative rule is not binding on a court, but will be given some weight depending upon the circumstances (*e.g.,* where the rule deals with a matter within the agency's expertise; where the rule is of long standing; or where the General Assembly has reenacted a statute with full knowledge of an interpretative rule). *Ibid.*

[3] R. C. 5717.02 specifies (1) with whom the notice of appeal must be filed (the board and either the Tax Commissioner or Commissioner of Tax Equalization); (2) by when the notice of appeal must be filed (within 30 days of final determination); (3) the method of filing the notice of appeal (in person or by certified mail); and (4) the contents of the notice of appeal (copy of commissioner's notice of final determination and errors therein complained of). However, R. C. 5717.02 places no limitation upon which corporate agents must sign the notice of appeal.

There is thus no merit to an interpretation of R. C. 5717.02 which, for jurisdictional purposes, conclusively presumes that a corporate officer or an attorney is always competent to sign á corporation's notice of appeal but that any other corporate agent is never competent.[4] Therefore, we hold that R. C. 5717.02 does not require that a corporation's notice of appeal to the board be signed by a corporate officer or an attorney.

Alternatively, the commissioner argues that appellant's failure to comply with Ohio Adm. Code 5717-1-08(C) is itself sufficient to justify the board's dismissal of appellant's appeal.

As a procedural rule adopted under the authority of R. C. 5703.02(D), Ohio Adm. Code 5717-1-08(C) has the force and effect of law unless, *inter alia,* it is unreasonable. See *State, ex rel. Kildow,* v. *Indus. Comm., supra; Zangerle* v. *Evatt, supra.* See, also, fn. 1, *supra.*

The commissioner contends that the corporate signature requirement of Ohio Adm. Code 5717-1-08(C) is reasonable because (1) it improves the clarity of the assignments of error, which must be included in the notice of appeal under R. C. 5717.02, by assuring that an experienced professional has reviewed the notice of appeal; and (2) it inhibits a corporation from needlessly burdening the board's docket without having firmly decided to proceed to the merits. Since nothing in the record conflicts with these contentions, we hold that the requirement of Ohio Adm. Code 5717-1-08(C) that a corporation's notice of appeal to the board be signed by a corporate officer or an attorney is a valid exercise of the board's authority under R. C. 5703.02(D) to adopt rules relating to its procedure in hearing appeals.

One must distinguish, however, between the reasonableness of the signature requirement of Ohio Adm. Code 5717-1-08(C) and the reasonableness of the board's method of enforcing it. The commissioner argues that dismissal must

---

[4] The commissioner also attempts to distinguish between attorneys and other agents on the ground that pursuant to R. C. 4705.01 only licensed attorneys (1) can commence an "action or proceeding" on behalf of another; and (2) are entitled to practice before the board "without further qualification or license." However, R. C. 4705.01 is irrelevant to the jurisdictional issue before us since it has no bearing upon whether any particular attorney has the authority to represent any particular corporate taxpayer.

automatically follow from a corporation's failure to comply with this signature requirement without regard to the circumstances underlying such failure. Since a notice of appeal to the board must be filed within 30 days of the commissioner's final determination, the commissioner's position in effect is that the mere failure of a corporation to comply with the signature requirement of Ohio Adm. Code 5717-1-08(C) is sufficient grounds for it to lose its right to appeal.

We reject the commissioner's argument. Sanctions short of dismissal ordinarily will assure compliance with this signature requirement, without unnecessarily forfeiting a corporation's right to appeal. Indeed, the commissioner presumably would not argue that the mere failure of a corporate officer's or attorney's signature to appear on a subsequently filed document, as required by another procedural rule of the board,[5] is sufficient to justify dismissal without regard to the underlying circumstances. The fact that the deficient document happens to be the initial step in the appeal (*i.e.,* the notice of appeal) does not make automatic dismissal any more justified. Therefore, we hold that the mere failure of a corporation to comply with the signature requirement of Ohio Adm. Code 5717-1-08(C) is insufficient to justify dismissal of its appeal to the board without regard to the circumstances underlying such failure.

For the foregoing reasons, the decision of the Board of Tax Appeals being unreasonable and unlawful is reversed and the cause remanded for further proceedings.

*Decision reversed*
*and cause remanded.*

W. Brown, P. Brown and Sweeney JJ., concur.

Holmes, J., concurs in the judgment.

Celebrezze, C. J., Locher and Dowd, JJ., dissent.

Celebrezze, C. J., dissenting. I must respectfully dissent from the majority decision in this case for two reasons. In-

---

[5] Ohio Adm. Code 5717-1-11, in part, provides:

"(A)***A document filed by a corporation shall be signed by the attorney representing the same or by an officer of the corporation.***"

itially, I submit that the signature requirement of Ohio Adm. Code 5717-1-08(C) is a reasonable requirement. Secondly, a layman/accountant who prepares notices of appeal from rulings of the Tax Commissioner is, in my estimation, engaging in the unauthorized practice of law.

As this court stated in *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 125:

"This rule, like those of other administrative agencies, issued pursuant to statutory authority, has the force and effect of law unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter. *State, ex rel. Kildow,* v. *Industrial Commission* [1934], 128 Ohio St., 573, 580."

Thus, unless the rule is unreasonable or statutorily infirm, it would be appropriate for a reviewing court to defer to the board's expression of what it perceives to be the most effective way to manage its various responsibilities.

A notice of appeal from a decision of the Tax Commissioner must enumerate, in definite and specific terms, the precise legal errors asserted by the taxpayer. See *Gochneaur* v. *Kosydar* (1976), 46 Ohio St. 2d 59; *Queen City Valves, Inc.,* v. *Peck* (1954), 161 Ohio St. 579. Ohio Adm. Code 5717-1-08(F)(2) provides:

"The notice of appeal shall set forth in clear and concise fashion all matters required by the section of the Revised Code pursuant to which the appeal is taken. Where the appeal is from a county board of revision, the appropriate department of tax equalization (DTE) form shall be used."

Clearly, the notice of appeal requires the taxpayer to articulate the legal justification for an appeal. In order to make an informed decision to appeal to the Board of Tax Appeals, a taxpayer must be thoroughly familiar with the Revised Code and be able to analyze the manner that reviewing courts at all levels of the state judiciary have construed the tax statutes.

Any evaluation of the reasonableness of a rule must take into account the purposes it is designed to serve. Ohio Adm. Code 5717-1-08(C) is designed to ensure that all appeals by a corporation are properly authorized by a responsible agent, *i.e.,* an attorney, who is in a position to commit the corporation to the appeals process. Compliance with Ohio Adm. Code

5717-1-08(C) also essentially guarantees that the assignments of error will be carefully reviewed and clearly drafted, thus expediting consideration of the taxpayer's appeal.

In view of the foregoing goals, the attainment of which Ohio Adm. Code 5717-1-08(C) facilitates, I conclude that it is a reasonable rule and one that should be upheld on this appeal. It is my firm conviction that, absent clear constitutional or statutory grounds or other compelling circumstances, a reviewing court is not free to impose its notion of proper procedure on an administrative agency. To me, it would make more sense to leave the formulation of procedural rules to the Board of Tax Appeals itself, the very body to which the General Assembly delegated rulemaking responsibility under R. C. 5703.02(D).[6] The board is in a much better position than we are to decide how, in light of its internal organization and docket considerations, it may best proceed to expedite the orderly flow of its business.

Although the case at bar is not a direct investigation of the unauthorized practice of law in Ohio, I am compelled to point out that the preparation and filing of a notice of appeal by a non-lawyer on behalf of appellant amounts to "the practice of law," which this court defined in *Land Title Abstract & Trust Co.* v. *Dworken* (1934), 129 Ohio St. 23, paragraph one of the syllabus, as:

"The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, *and in general all advice to clients and all action taken for them in matters connected with the law.*" (Emphasis added.)

---

[6] R. C. 5703.02 provides:

"There is hereby created the board of tax appeals, which shall exercise the following powers and perform the following duties:

"* * *

"(D) Adopt and promulgate in the manner provided by section 5703.14 of the Revised Code all rules relating to the procedure of the board in hearing appeals it has the authority or duty to hear, and to the procedure of officers or employees whom the board may appoint; provided that section 5703.13 of the Revised Code shall apply to and govern the procedure of the board."

Furthermore, the court ruled in *Special Master Commrs.* v. *McCahan* (1960), 83 Ohio Law Abs. 1, a case in which a layman was enjoined from, *inter alia,* preparing notices of appeal from decisions of the Administrator of the Bureau of Workmen's Compensation as follows at page 11:

"It is clear that a licensed attorney in the practice of law generally engages in three principal types of professional activity. These types are legal advice and instructions to clients to inform them of their rights and obligations; preparation for clients of documents and papers requiring knowledge of legal principles which is not possessed by an ordinary layman; and appearance for clients before public tribunals, which possess the power and authority to determine rights of life, liberty and property according to law, in order to assist in the proper interpretation and enforcement of law."

Similarly, I submit that the preparation and filing of notices of appeal in the Board of Tax Appeals constitutes the unauthorized practice of law.

The argument that, in today's corporate world, accountants are competent professionals who are capable of filing notices of appeal, unfortunately, misses the point. The point is based upon the ethical principles embodied in the Code of Professional Responsibility EC 3-3:

"A non-lawyer who undertakes to handle legal matters is not governed as to integrity or legal competence by the same rules that govern the conduct of a lawyer. A lawyer is not only subject to that regulation but also is committed to high standards of ethical conduct. The public interest is best served in legal matters by a regulated profession committed to such standards. The Disciplinary Rules protect the public in that they prohibit a lawyer from seeking employment by improper overtures, from acting in cases of divided loyalties, and from submitting to the control of others in the exercise of his judgment. Moreover, a person who entrusts legal matters to a lawyer is protected by the attorney-client privilege and by the duty of the lawyer to hold inviolate the confidences and secrets of his client." See, generally, *Simons* v. *Bellinger* (C.A.D.C. January 4, 1980), Slip Opinion, No. 77-2012. Accordingly, the accountant in the case at bar is subject to being enjoined, in an appropriate proceeding, from the practice of law in Ohio.

The majority opinion, while conceding that Ohio Adm. Code 5717-1-08(C) is a reasonable rule, attacks the sanctions imposed for ignoring the rule. I must ask my brother justices, then, what good it does to have a rule in the first place if it is not going to be enforced?

As this court recently ruled in *Vorisek* v. *North Randall* (1980), 64 Ohio St. 2d 62, 65, a case which upheld a *local* rule of the Eighth District Court of Appeals:

"While the sanction of dismissal is an extreme measure, not to be indiscriminately applied, the line must be drawn so that Local Rules continue to be respected and the threat of sanctions continues to be an effective deterrent to the rampant disregard of those rules."

The sentiments expressed in *Vorisek* v. *North Randall, supra,* are even more pertinent in the case at bar since Ohio Adm. Code 5717-1-08(C) is published statewide, applies statewide and, as far as I am concerned, must be enforced statewide.

In conclusion, I would uphold Ohio Adm. Code 5717-1-08 (C) as a rational technique of tax-practice management designed to improve the efficiency of the Board of Tax Appeals. The rule should not be invalidated simply because the justices of this court would have authored a different rule if they had been members of the Board of Tax Appeals. It is precisely this type of Monday-morning quarterbacking, where a reviewing court upholds some administrative rules but not others, that encourages disregard for all administrative rules.

Accordingly, I would affirm the decision of the Board of Tax Appeals.

LOCHER and DOWD, JJ., concur in the foregoing dissenting opinion.