[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 479.]

SHARON VILLAGE LIMITED, APPELLANT, *v.* LICKING COUNTY BOARD OF
REVISION ET AL., APPELLEES.

DERBY DOWNS LIMITED, APPELLANT, *v.* LICKING COUNTY BOARD OF
REVISION ET AL., APPELLEES.

CHERRY LEE LIMITED ET AL. APPELLANTS, *v.* LICKING COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as *Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 1997-Ohio-197.]

*Unauthorized practice of law—Preparation and filing of a complaint with a board
of revision constitute the practice of law.*

The preparation and filing of a complaint with a board of revision on behalf of a
taxpayer constitute the practice of law.

(Nos. 95-2591, 95-2594 and 95-2596—Submitted February 19, 1997—Decided
May 21, 1997.)

APPEALS from the Board of Tax Appeals, Nos. 94-M-1214, 94-M-1215, 94-M-
1325 and 94-M-1326.

————————————

{¶ 1} Appellants, Sharon Village Limited, Derby Downs Limited, Cherry
Lee Limited and Realty Development Corp. No. 3, are owned by Earl Shurtz.
Shurtz contacted Doug Parobek, president of Ambassador Research, Inc., to
determine whether the real estate property taxes could be reduced for tax year 1993.
Consequently, Parobek prepared and filed complaints with the Licking County
Board of Revision ("BOR") seeking reductions for each property. The BOR,
essentially, issued decisions of no change on appeal to the Board of Tax Appeals
("BTA"), pursuant to motions to dismiss filed by the school board, the BTA ruled
that the BOR had lacked jurisdiction to hear the complaints because Parobek, a

nonattorney, had initiated the proceedings. The BTA dismissed the appeals. The cases have been consolidated for appeal.

{¶ 2} The cause is now before this court upon appeals as a matter of right.

_____

*Todd W. Sleggs*, for appellants.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Pauline E. O'Neill*, Assistant Prosecuting Attorney, for appellees Licking County Board of Revision and Auditor.

*Teaford, Rich, Coffman & Wheeler* and *Karol Cassell Fox*, for appellee Newark City School District Board of Education.

*Blaugrund, Gabel, Herbert & Mesirow, Steven A. Martin* and *Christopher B. McNeil,* urging reversal for *amicus curiae,* Ohio Society of Certified Public Accountants.

*Cassity Law Offices* and *Robin J. Levine,* urging reversal for *amici curiae,* Institute of Property Taxation and National Council of Property Tax Consultants.

*Jones, Day, Reavis & Pogue* and *David A. Kutik; Robert J. Fay; Buckley, King & Bluso* and *John A. Hallbauer,* urging affirmance for *amicus curiae,* Cleveland Bar Association.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *James R. Gorry,* Assistant Prosecuting Attorney, urging affirmance for *amici curiae,* Franklin County Auditor and Ohio County Auditors' Association.

*Eugene P. Whetzel*, urging affirmance for *amicus curiae,* Ohio State Bar Association.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 3} In this case we are not asked to decide whether a taxpayer may prepare and file a complaint with the BOR. Clearly, such action is permissible. See R.C. 5715.13. Instead, the sole issue presented to us is whether appellants' agent, a

nonlawyer, engaged in the unauthorized practice of law when he prepared and filed the complaints with the BOR. For the following reasons, we answer this question in the affirmative. Accordingly, we affirm the BTA.

{¶ 4} R.C. 4705.01 governs the practice of law in Ohio. It states:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which he is not a party concerned, either by using or subscribing his own name, or the name of another person, unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. ***"

{¶ 5} According to Section 5, Article IV of the Ohio Constitution, the regulation of the practice of law is vested exclusively in the Ohio Supreme Court. Pursuant to this grant of authority, we have set forth a broad definition of the "practice of law":

"The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E.2d 650, paragraph one of the syllabus. Recently, we reaffirmed this holding in *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499.

{¶ 6} In exploring the contours of our definition, the court in *Special Master Commrs. v. McCahan* (C.P.1960), 83 Ohio Law Abs. 1, 14 O.O.2d 221, 167 N.E.2d 541, observed:

"It is clear that a licensed attorney in the practice of law generally engages in three principal types of professional activity. These types are legal advice and instructions to clients to inform them of their rights and obligations; preparation for

clients of documents and papers requiring knowledge of legal principles which is not possessed by an ordinary laymen; and appearance for clients before public tribunals, which possess the power and authority to determine rights of life, liberty and property according to law, in order to assist in the proper interpretation and enforcement of law." *Id.* at 11, 14 O.O.2d at 229, 167 N.E.2d at 550.

{¶ 7} To determine whether appellants' agent engaged in the unauthorized practice of law, we need to consider the procedure at the board of revision and understand the purpose and impact of a complaint filed there. We turn now to this task.

{¶ 8} A board of revision is a quasi-judicial body. *Swetland v. Evatt* (1941), 139 Ohio St. 6, 37 N.E.2d 601, paragraph nine of the syllabus. To invoke its jurisdiction, it is necessary to file a verified complaint pursuant to R.C. 5715.13 and R.C. 5715.19. As these requirements are jurisdictional, the failure to fully and properly complete the complaint will result in dismissal of the action. *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14.

{¶ 9} Further, R.C. 5715.19(A)(2) prohibits the filing of more than one board of revision complaint within any triennial period unless the specific exceptions apply. Therefore, if a complaint is improperly completed and dismissed, the property owner has lost the right to challenge the value of that property for up to three years, absent a specific change in circumstances. If an attorney improperly completed and filed a complaint, the client would have the ability to assert a malpractice claim. However, we are troubled by the very real possibility that a property owner would be left with no recourse if a nonattorney negligently prepared and filed the complaint. Even if the nonattorney agent carried malpractice coverage, the insurance carrier would most likely deny the claim upon finding that it involved the practice of law.

**{¶ 10}** Moreover, the complaint is filed for the purpose of initiating an adversarial proceeding just as any other complaint does. A board of revision is required by R.C. 5715.19 to give proper notice to property owners and boards of education when a complaint is filed by other parties. Under R.C. 5715.11, the board of revision hears and investigates all complaints. A board of revision is also required to give adequate notice of hearing dates and times so that all parties may participate.

**{¶ 11}** The board of revision, composed of the county auditor, the county treasurer, and the president of the board of county commissioners, is a deciding tribunal. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 200, 527 N.E.2d 874, 876. At a board of revision hearing, the parties may be given an opportunity to present evidence in the form of documents and testimony, question and cross-examine witnesses, and make legal arguments in support of their positions. A property owner failing to provide known and available evidence is barred by R.C. 5715.19(G) from later presenting that evidence on appeal absent a showing of good cause or an order by the BTA or common pleas court, pursuant to R.C. 5717.01 or 5717.05. Persons testifying before the board of revision must do so under oath, as in any court of law. R.C. 5715.10. If unusual legal issues are raised, the board may request briefs or memoranda on those issues.

**{¶ 12}** Pursuant to R.C. 5715.08, 5717.01 and 5717.05, the board of revision is required to make and keep a record on each complaint and to certify a transcript of the record of the proceedings and all evidence offered in connection with any complaint appealed to either the BTA or the common pleas court.

**{¶ 13}** In addition, the initiating of a board of revision action places the property owner at risk. For example, if an owner or nonattorney files for a decrease and a board of education files a countercomplaint requesting an increase, the property owner risks paying more in taxes. This is yet another reason why these matters should be left to an attorney to handle.

**{¶ 14}** In view of the above, we find this case easily fits within the broad definition embraced in *Dworken* and explored in *Special Master Commrs.* Parobek prepared legal documents, gave professional advice to his clients, and in one instance, even appeared before the BOR on their behalf. Contrary to appellants' contention, this case is unlike *Gustafson v. V.C. Taylor & Sons, Inc.* (1941), 138 Ohio St. 392, 20 O.O. 484, 35 N.E.2d 435, where this court permitted real estate brokers to complete preprinted real estate contracts by supplying simple, factual materials such as the date, price, name of the purchaser, location of the property, date of giving possession, and duration of the offer. The court concluded that these actions require ordinary intelligence and not the skill of a lawyer.

**{¶ 15}** We find that there are crucial differences between *Gustafson* and this case. First, the forms that were filled out in *Gustafson* were not legally binding until they were signed by the actual parties to the contract. Further, the real estate forms did not begin a quasi-judicial proceeding that would establish a record and place the owners at risk of having their taxes increased. Finally, the real estate forms did not contain statutorily defined jurisdictional requirements that, if not properly met, barred the rights of the owners to contest their valuations.

**{¶ 16}** Nor is *Jemo Assoc., Inc. v. Lindley* (1980), 64 Ohio St.2d 365, 18 O.O.3d 518, 415 N.E.2d 292, controlling. The question before the court in that case involved a corporation's notice of appeal to the BTA pursuant to R.C. 5717.02. The court specifically stated that whether the agent who had signed the notice had engaged in the unauthorized practice of law was irrelevant to the issue before the court. *Id.* at 367, 18 O.O.3d at 519, 415 N.E.2d at 294, fn. 4.

**{¶ 17}** We also reject appellants' assertion that R.C. 5715.13 provides the legislative authority for their position. R.C. 5715.13 states that a board of revision may make no decrease in "any valuation complained of unless the party affected thereby *or his agent* makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should

be made." (Emphasis added.) We interpret the term "agent" as used in R.C. 5715.13 to include the affected party's attorney and, in the case of a corporation, a regularly connected agent who is an attorney authorized by the corporation and possessing sufficient knowledge to verify the facts averred in the complaint.

{¶ 18} Therefore, we hold that the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law. As the tax agent involved in these cases was not an attorney, his actions constitute the unauthorized practice of law. Accordingly, we affirm the BTA.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in the syllabus and judgment only.

_____