JOURNAL ENTRY AND OPINION
Appellant Mutual Life Insurance Company of New York[1] appeals the decision of the Cuyahoga County Court of Common Pleas which affirmed the decision of the Cuyahoga County Board of Revision ("BOR") which dismissed its 1994 tax complaint in reliance upon the authority of Sharon Village Ltd. v. Bd. Off Revision (1997),78 Ohio St.3d 479 by finding that the board lacked jurisdiction to consider its complaint because the signatory to the tax complaint was not an attorney. For the reasons stated below, we reverse.
Allied Associates was the owner of Permanent Parcel No. 101-37-10 on the tax lien date. On January 17, 1995, Midwestern Superior Associates filed a complaint seeking a decrease for the 1994 tax year on Permanent Parcel No. 101-37-10, the Sterling Building. The complaint was prepared and filed by R.E. Rubinstein, a licensed attorney in Ohio. The facts in the complaint were attested to and the complaint was signed by a non-attorney, Ralph F. Laughlin, vice president of its sole general partner as the agent of Allied, who was listed as owner of the property. On July 19, 1996, the hearing date for the complaint, BOR dismissed the complaint for lack of jurisdiction citing R.C. 5715.13, finding the complainant was not an affected party. Allied appealed the dismissal of its complaint to Cuyahoga County Common Pleas Court, which determined in Case No. 316743 that the BOR erred in dismissing the tax complaint for the 1994 tax year for lack of jurisdiction and remanded the matter to the BOR for further proceedings. On remand, the Cleveland Board of Education moved the BOR to dismiss the complaint by challenging the signatory to the tax complaint. The BOR again dismissed the complaint. Allied appealed this second dismissal to the Cuyahoga County Court of Common Pleas, which affirmed the dismissal by the BOR in Case No. 342571. This appeal follows in which appellant challenges the court's affirmance and advances three assignments of error for our review.
 I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE MERE SIGNING BY A NON-ATTORNEY OF THE "DECLARATION" ON A TAX COMPLAINT FILED WITH THE BOARD OF REVISION IS THE UNAUTHORIZED PRACTICE OF LAW WHERE AN ATTORNEY PREPARED AND FILED THE COMPLAINT, LISTED HIS NAME ON THE COMPLAINT AS THE COMPLAINANT'S ATTORNEY AND APPEARED ON BEHALF OF THE COMPLAINANT AT THE HEARING.
 II. THE TRIAL COURT ERRED WHEN IT HELD THAT THE MANNER IN WHICH A TAX COMPLAINT IS SIGNED AND VERIFIED IS JURISDICTIONAL AND FORMS THE BASIS OR DISMISSAL OF THAT COMPLAINT.
 III. THE TRIAL COURT ERRED WHEN IT HELD THAT AN ATTORNEY MUST SIGN THE APPELLANT'S TAX COMPLAINT UNDER "PENALTIES OF PERJURY" SINCE THAT WOULD IMPOSE GREATER OBLIGATIONS ON ATTORNEYS THAN REQUIRED FOR SIGNING ANY OTHER COURT PLEADING UNDER CIVIL RULE 11.
Appellant's assignments of error, having a common basis in law and fact, shall be considered together. The question which we are asked to decide is whether the signature of a non-attorney on a complaint which was prepared and subsequently filed by an attorney with the Cuyahoga County BOR constitutes the unauthorized practice of law sufficient to deprive the BOR of jurisdiction.
In Worthington City School Dist. Bd. of Edn. v. Franklin Cty.Bd. off Revision (1999), 85 Ohio St.3d 156, our supreme court considered the identical issue in Case No. 97-1880 of the consolidated appeal. In Case No. 97-1880, the Worthington court stated:
 In Sharon Village, 78 Ohio St.3d 479, 678 N.E.2d 932, syllabus, we held that "the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." Thus, an attorney, or the owner of the property, must prepare and file the complaint.
* * *
 Treneff, an attorney, prepared and filed or caused to be filed the complaint at issue. This satisfies the requirements of Sharon Village. The fact that Ameritech Corporation's property tax manager, Gregory A. Stein, reviewed and signed the prepared complaint is not fatal. Stein simply reviewed the prepared complaint to verify the accuracy of the information contained therein, and he signed the complaint for that same purpose at the direction of Treneff. Stein did not engage in the practice of law. Accordingly, we find that the Franklin County Board of Revision had jurisdiction to consider the complaint by "Ameritech," a registered trade name under which Ohio Bell, the property owner, may "commence * * * an action," R.C. 1329.10 (B), since the complaint was prepared and filed by an attorney on Ohio Bell's behalf. Therefore, the decision of the BTA in Case No. 97-1880 is reversed." (Emphasis in original.)
In this case, as in Worthington, an attorney prepared and filed the complaint with the Cuyahoga County BOR. Therefore, as inWorthington, counsel's preparation and filing of the complaint are sufficient to satisfy the requirements of Sharon Village, Ltd. v.Licking Cty. Bd. of Revision (1997), 78 Ohio St.3d 479. See Edgewater Yacht Club v. Cuyahoga County Board off Revision (Aug. 12, 1999), Cuyahoga App. No. 75584, unreported. Thus, the signature of non-attorney Robert Laughlin on the complaint is not "fatal" to the tax appeal. We find, on the basis of the holding of Worthington, the Cuyahoga County BOR has jurisdiction to consider the complaint. Moreover, we find that Laughlin, by signing the complaint, cannot be said to have engaged in the unauthorized practice of law. Appellant's assignments of error are well-taken.
Accordingly, the decision of the Cuyahoga County Common Pleas Court is reversed. The within matter is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J. and ROCCO, J., CONCUR.
 _________________________________ TIMOTHY E. McMONAGLE JUDGE
[1] On December 8, 1998, this court substituted Mutual Life Insurance Company of New York as party appellant for Allied Associates.