Fischer, J., dissenting.
{¶ 20} I respectfully dissent. Jemo Assocs., Inc. v. Lindley , 64 Ohio St.2d 365, 415 N.E.2d 292 (1980), does not stand for *419 the proposition that the Board of Tax Appeals ("BTA") has jurisdiction to hear an appeal when someone not authorized to practice law in Ohio has filed the appeal on behalf of a corporation and *410 engaged in the unauthorized practice of law by doing so. Even if the lead opinion in Jemo did stand for that proposition, it has been superseded by our subsequent case law. Thus, the BTA correctly dismissed the appeal of appellant, NASCAR Holdings, Inc., on the grounds that the appeal was filed by an attorney not licensed in Ohio and, therefore, did not invoke the BTA's jurisdiction.
{¶ 21} In Jemo, three justices signed on to the plurality opinion and a fourth justice concurred in judgment only. Thus, as the majority acknowledges, Jemo is not binding authority. Ohio courts have cited Jemo most often for the proposition that cases generally should not be dismissed for violating a procedural rule. See Friendly's v. Franklin Cty. Bd. of Revision , 10th Dist. Franklin No. 94APH03-347 through 94APH03-349, 1994 WL 521217 (Sept. 20, 1994) ; Grenga v. Bank One, N.A. , 7th Dist. Mahoning No. 04 MA 94, 2005-Ohio-4474, 2005 WL 2065117 ; and In re Terrance P. , 124 Ohio App.3d 487, 706 N.E.2d 801 (6th Dist.1997).
{¶ 22} No court has cited Jemo for the proposition that any authorized agent can file an appeal to the BTA on the taxpayer's behalf, even if the agent is engaged in the unauthorized practice of law. See Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision , 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345 ; Sharon Village Ltd. v. Licking Cty. Bd. of Revision , 78 Ohio St.3d 479, 678 N.E.2d 932 (1997) ; State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections , 80 Ohio St.3d 302, 686 N.E.2d 238 (1997) ; Doyle v. Bur. of Motor Vehicles , 51 Ohio St.3d 46, 554 N.E.2d 97 (1990) ; Universal Equip. Co. v. Limbach , 6th Dist. Sandusky No. S-88-20, 1989 WL 20256 (Mar. 10, 1989).
{¶ 23} Since Jemo , this court has addressed the unauthorized practice of law several times in the state-tax area, primarily in the context of valuation complaints. In Sharon Village , this court held that nonattorneys were barred from filing valuation complaints on behalf of corporate taxpayers. The court's decision in Sharon Village rested on the application of three statutes: R.C. 5715.19(A), 5715.13, and 4705.01. R.C. 5715.19(A), at the time, provided that a property owner could file a valuation complaint in the county in which the land was located. 1988 Am.Sub.H.B. No. 603, 142 Ohio Laws, Part III, 4583, 4589. Former R.C. 5715.13 provided that either the owner itself or an "agent" could perform the filing. 1953 Am.H.B. No. 1. And former R.C. 4705.01 prohibited the practice of law by a nonattorney, as it does today. Am.Sub.S.B. No. 219, 140 Ohio Laws, Part I, 662, 680-681.
{¶ 24} Based on the interplay among R.C. 4705.01, 5715.13, and 5715.19, the court concluded that a nonattorney engages in the unauthorized practice of law when he or she files a valuation complaint on behalf of a corporation. Sharon Village at 483, 678 N.E.2d 932. And because the statutes themselves did not authorize a nonattorney to file on behalf of a corporation, the court affirmed the BTA's decision, which dismissed the appeal on the basis that a valuation complaint filed by a *411 nonattorney fails to invoke the jurisdiction of the board of revision. See also Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision , 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 13-14 (explaining the reasoning underlying Sharon Village ); State ex rel. Cooker Restaurant at 306-307, 686 N.E.2d 238 (rejecting Jemo as controlling and finding that the board of elections properly *420 dismissed election protest under Sharon Village ).
{¶ 25} In response to Sharon Village , the General Assembly amended R.C. 5715.19(A) in 1999 to allow certain persons to file valuation complaints on behalf of a taxpayer, without regard to whether those persons are attorneys. Sub. H.B. No. 694, 147 Ohio Laws, Part III, 5373, 5373-5374. This court has upheld the R.C. 5715.19(A)(1) amendments. See, e.g., Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision , 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 21-34.
{¶ 26} Although this court has recognized certain statutory exceptions to the prohibition against the practice of law by nonattorneys, Sharon Village has not been overruled and remains good law when no such exceptions apply. Indeed, a decade after the statutory amendments that abrogated Sharon Village in part, this court delivered a unanimous per curiam opinion in Toledo Pub. Schools. Id., 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345. In Toledo , the court noted that Sharon Village and its progeny are controlling when issues of jurisdiction and unauthorized practice of law coexist in a given case. Id. at ¶ 22. Compare Richman Properties, L.L.C. v. Medina Cty. Bd. of Revision , 139 Ohio St.3d 549, 2014-Ohio-2439, 13 N.E.3d 1126, ¶ 20-27 (examining unauthorized-practice-of-law issues at the BTA through the prism of Sharon Village and its progeny); Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision , 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 13-17 (same).
{¶ 27} Moreover, Ohio courts have found that when a filing constitutes the unauthorized practice of law, the court is deprived of jurisdiction to rule on that filing. See, e.g., State ex rel. Hadley v. Pike , 7th Dist. Columbiana No. 14 CO 14, 2014-Ohio-3310, 2014 WL 3744717 (civil complaint filed by an attorney not licensed to practice in Ohio should have been dismissed for lack of subject-matter jurisdiction); Norwalk MK, Inc. v. McCormick , 6th Dist. Huron No. H-04-041, 2005-Ohio-2493, 2005 WL 1201012 (municipal court lacks jurisdiction to hear claims filed by nonattorney officer of corporation); Bur. of Support v. Brown , 7th Dist. Carroll No. 00APO742, 2001 WL 1497073 (Nov. 6, 2001) (trial court improperly exercised jurisdiction when it granted motion filed by a nonattorney). But see Cleveland Bar Assn. v. Pearlman, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (nonattorney corporate officers may file claims on behalf of corporation in small-claims court).
*412 {¶ 28} Giving due consideration to the above, I would hold that barring a statutory exception, when an appeal to the BTA is filed by a nonattorney, the nonattorney has engaged in the unauthorized practice of law and the BTA does not, therefore, have jurisdiction to hear the appeal. The nonbinding plurality opinion in Jemo does not conclude otherwise, and even if it could be read to do so, in light of Sharon Village , it has been superseded. For these reasons, it was neither unreasonable nor unlawful for the BTA to follow Sharon Village and its progeny and to not follow Jemo . Indeed, doing so gave effect to the guidance provided by this court in Toledo Pub. Schools .
{¶ 29} I would affirm the BTA's decision and, therefore, I respectfully dissent.