**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Greenway Ohio, Inc. v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-4244.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2018-Ohio-4244**

GREENWAY OHIO, INC., APPELLANT AND CROSS-APPELLEE, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES AND CROSS-APPELLANTS; TESTA, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Greenway Ohio, Inc. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4244.]**

*Real-property tax—Property managers are not among the nonlawyers who are authorized under R.C. 5715.19(A) to file valuation complaints on behalf of property owners—Board of Tax Appeals' decision remanding to board of revision for dismissal of valuation complaint affirmed.*

(No. 2017-0297—Submitted September 11, 2018—Decided October 23, 2018.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 2016-2531.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case, the Board of Tax Appeals ("BTA") remanded the cause to appellee and cross-appellant Cuyahoga County Board of Revision ("BOR") with instructions for the BOR to dismiss the underlying

valuation complaint. The BTA found that because the property owner's complaint was prepared and filed by a nonlawyer property manager, the complaint violated R.C. 5715.19(A) and failed to invoke the BOR's jurisdiction.

{¶ 2} The property owner, appellant and cross-appellee, Greenway Ohio, Inc., appeals the BTA's decision, arguing that the property manager's filing of the complaint did not constitute the unauthorized practice of law and that the complaint was sufficient to invoke the jurisdiction of the BOR. Alternatively, Greenway contends that the BTA improperly considered appellee and cross-appellant Orange City School District Board of Education's ("BOE's") motion to dismiss and violated Greenway's due-process rights by failing to hold a hearing on the jurisdictional issue presented.

{¶ 3} Because we find no merit in Greenway's arguments, we affirm the decision of the BTA.

## I. FACTS

### A. BOR proceedings

{¶ 4} In January 2016, Scott Sweeney, chief executive officer of Property Advisors, prepared and filed a decrease complaint with the BOR, challenging the fiscal officer's valuation of real property owned by Greenway. The complaint identified Sweeney as both the "complainant if not owner"[1] and "complainant's agent." Sweeney indicated his relationship to the owner as "property manager." But Sweeney is not an attorney, and no attorney was involved in the preparation and filing of the complaint. The BOE filed a countercomplaint, seeking to maintain the fiscal officer's initial valuation of the property.

---

1. Writing in a name in the space provided on the valuation-complaint form for the "complainant if not owner" implies that the owner itself is not the complainant. Greenway contends, however, that Sweeney's identification of himself as the "complainant if not owner" was a mistake. This error in filling out the complaint form does not bar the exercise of jurisdiction by a board of revision as long as the complaint indicates the representative capacity of the "complainant" as acting on behalf of the owner. *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision,* 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 14-16.

**{¶ 5}** In May 2016, the BOE filed a motion to dismiss the complaint. After obtaining legal counsel, Greenway opposed the motion and submitted a letter authorizing Sweeney to represent Greenway as its "property tax agent."

**{¶ 6}** At the BOR hearing, both parties presented legal arguments regarding the jurisdictional issue; however, the BOR made no ruling on that issue and proceeded with the hearing. Greenway introduced the written appraisal and testimony of Paul O. Van Curen, an Ohio certified general-real-estate appraiser. The BOE cross-examined Van Curen, but did not present any independent evidence.

**{¶ 7}** The BOR's oral-hearing journal summary indicates that the board found Sweeney's filing of the complaint to be the unauthorized practice of law. But the BOR nevertheless issued a merit decision maintaining the fiscal officer's value of the property. Greenway appealed to the BTA.

### B. BTA proceedings

**{¶ 8}** At the BTA, as before the BOR, the BOE raised the issue of jurisdiction and requested that the BTA remand for dismissal of the complaint. Greenway opposed the request and submitted an affidavit by Sweeney, alleging that with respect to the property, Property Advisors acts in a fiduciary capacity for Greenway. Without a hearing, the BTA determined that Sweeney, acting in his capacity as a property manager, was not authorized under R.C. 5715.19(A) to file a complaint with the BOR on behalf of Greenway. The BTA concluded that "the underlying complaint failed to invoke the jurisdiction of the BOR" and remanded the matter to the BOR with instructions to dismiss the complaint. BTA No. 2016-2531, 2017 WL 1393428, *2.

**{¶ 9}** Before us today is Greenway's appeal from the BTA's decision and two protective cross-appeals, one filed jointly by the BOR and appellee and cross-appellant county fiscal officer and one filed by the BOE. Both cross-appeals challenge the factual basis of Sweeney's claim of property-manager status.

## II. ANALYSIS

**{¶ 10}** The question whether a valuation complaint filed by a property manager on behalf of the property owner without the assistance of counsel is sufficient to invoke the jurisdiction of the BOR is a question of law. We review issues of law de novo. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision,* 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

**{¶ 11}** R.C. 5715.19(A) " 'establishes the jurisdictional gateway to obtaining review by the boards of revision,' " *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 11, quoting *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision,* 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 10, and provides that "[a]ny person owning taxable real property in the county * * * may file such a complaint regarding any such determination [including valuation] affecting any real property in the county * * *." And according to our case law, if someone other than the property owner prepares and files the complaint on behalf of the owner, that person must be an attorney or authorized by law to make such filing. This is of particular importance in the case at hand, because here, the owner is a corporate entity, so it can obtain review by the BOR only if someone prepares and files the complaint on its behalf.

**{¶ 12}** In *Sharon Village Ltd. v. Licking Cty. Bd. of Revision,* 78 Ohio St.3d 479, 678 N.E.2d 932 (1997), we examined the interplay between R.C. 4705.01 (the statute governing the practice of law in Ohio) and former versions of R.C. 5715.13 and 5715.19 and concluded that "the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law" and that a complaint prepared and filed by an agent who is not a lawyer fails to invoke the board of revision's jurisdiction. *Id.* at 483. *See also Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 13-14 (explaining the reasoning underlying *Sharon Village*).

**{¶ 13}** In response to *Sharon Village* and its progeny, the General Assembly amended R.C. 5715.19(A) to authorize certain nonlawyers to file valuation complaints on behalf of property owners. Sub.H.B. No. 694, 147 Ohio Laws, Part III, 5373. We have upheld these amendments because they do not substantially interfere with our regulation of the practice of law. *See Marysville Exempted Village School Dist. Bd. of Edn. v. Union City Bd. of Revision,* 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 21-34; *Columbus City School Dist.* at ¶ 22-26. In so doing, we have carved out a narrow exception to the rule that only a licensed attorney may file complaints on behalf of a property owner with a county board of revision. *See, e.g., Dayton Supply & Tool Co. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, at ¶ 32 (a corporate officer may file a real-property-valuation complaint on behalf of his or her corporation); *Marysville Exempted Village School Dist.* at ¶ 21-34 (salaried employee of a corporation who is not a lawyer may file a complaint on behalf of the corporation); *Columbus City School Dist. Bd. of Edn.* at ¶ 26 (a property owner's spouse may file a valuation complaint on behalf of the owner). And when, as here, the "person" who owns the real property is a corporation, R.C. 5715.19(A) permits a complaint to be filed by a nonattorney who is an "an officer, a salaried employee, a partner, or a member of that person."

*A. R.C. 5715.19(A) specifies nonlawyers who are authorized to file valuation complaints with boards of revision on behalf of property owners*

**{¶ 14}** The underlying premise of Greenway's first and second propositions of law is that the list of persons specified in R.C. 5715.19(A)(1) is not an exhaustive list and that other authorized agents of the property owner can file a complaint on the property owner's behalf. Against this backdrop, Greenway argues that because Sweeney identified an agency relationship with the property owner on the face of the complaint and the relationship was later confirmed by a letter of authorization,

Sweeney's filing of the complaint did not constitute the unauthorized practice of law and the complaint was sufficient to invoke the jurisdiction of the BOR.

{¶ 15} In support of this argument, Greenway cites *Toledo Pub. Schools,* 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345. But that case is materially distinguishable. In *Toledo Pub. Schools,* a lawyer, acting on behalf of the property-management company, Vistula Management Company, prepared and filed a valuation complaint on behalf of Vistula, which was acting as the agent of the property owner. In our decision, we specifically noted that *the issue of the unauthorized practice of law did not arise* because a lawyer had been involved in the preparation and filing of the complaint. *Id.* at ¶ 22. By contrast, the record in this appeal contains no indication that an attorney was involved in the preparation and filing of the underlying complaint.

{¶ 16} It is true that in *Toledo Pub. Schools,* we disagreed with the board of education's argument that the list of persons specified in R.C. 5715.19(A) was intended to be exhaustive and we rejected the contention that the management company could not act as an agent of the property owner through its lawyer. But in so doing, we explained that "*when * * * a lawyer has prepared and filed the complaint*, the list of persons who may file on behalf of the owner in R.C. 5715.19(A) is not relevant." (Emphasis added.) *Toledo Pub. Schools* at ¶ 30. And we clarified that "the list of persons * * * does not override the agency principle of *Jemo* [*Assocs., Inc. v. Lindley,* 64 Ohio St.2d 365, 415 N.E.2d 292 (1980)]," *Toledo Pub. Schools* at ¶ 28, under which "the question of agency is determined by reference to whether the person filing the appeal was in fact authorized by its principle to file it." *Toledo Pub. Schools* at ¶ 24. Accordingly, the two crucial elements of *Toledo Pub. Schools* are that (1) Vistula was in fact contractually authorized to file on behalf of the property owner and (2) a lawyer prepared and filed the complaint.

**{¶ 17}** In this case, however, the second element, which was crucial to the outcome in *Toledo Pub. Schools,* is not satisfied. When, as here, "a nonlawyer files on behalf of an owner, the question of the unauthorized practice of law arises and will have to be resolved in light of the statute and court precedent." *Id.* at ¶ 30. As discussed, R.C. 5715.19(A) permits a complaint to be filed on behalf of a corporation by a nonlawyer who is an officer, a salaried employee, a partner, or a member of that corporation. Property managers, however, are not among the nonlawyers who are explicitly authorized to file valuation complaints under R.C. 5715.19(A).

**{¶ 18}** Nevertheless, Greenway insists that Sweeney did not engage in the unauthorized practice of law, because the actions he took in filing the complaint "were consistent with the actions of the statutorily-authorized non-lawyers upheld by this Court." This argument lacks merit. Greenway overlooks the fact that the preparation and filing of a valuation complaint has been held to constitute the practice of law, *Sharon Village*, 78 Ohio St.3d at 483, 678 N.E.2d 932, and therefore, one must be authorized to engage in that activity. As we indicated in *Marysville Exempted Village School Dist.,* 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, at ¶ 21-34, and *Columbus City School Dist.,* 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, at ¶ 15-17, 24-26, the list of nonlawyers who may file a valuation complaint in R.C. 5715.19(A) constitutes a type of authorization for those specified on the list. And we have explained that we are willing to allow the legislature to grant this authorization because it does not substantially interfere with our regulation of the practice of law. *Marysville Exempted Village School Dist.* at ¶ 26; *Columbus City School Dist.* at ¶ 22.

**{¶ 19}** Despite Greenway's insistence to the contrary, the reasoning of these cases establishes that nonlawyers who are not specified by R.C. 5715.19(A) are not authorized to file on behalf of a property owner. Therefore, Sweeney's filing of the Greenway complaint *does* constitute the unauthorized practice of law, and the

complaint fails to invoke the BOR's jurisdiction under *Sharon Village*. The BTA, therefore, correctly concluded that the BOR lacked jurisdiction over the complaint.

**{¶ 20}** Accordingly, we reject Greenway's first and second propositions of law.

*B. The BTA did not exceed its statutory authority by considering the BOE's motion to dismiss, and Greenway was accorded all the process that was due*

**{¶ 21}** In its third proposition of law, Greenway contends that the BTA exceeded its statutory authority by considering the BOE's motion to dismiss for lack of jurisdiction and that the BTA violated Greenway's right to due process by failing to hold a hearing on the jurisdictional issue, which it claims is required by R.C. 5717.01.

**{¶ 22}** Greenway asserts that the BTA should not have considered the BOR's motion to dismiss, because the BOE did not timely raise the issue. We reject Greenway's contention that the BTA erred by considering the jurisdictional issue. Issues involving the jurisdiction of a tribunal may be raised at any stage of the proceeding, by any party, and cannot be waived. *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision,* 78 Ohio St.3d 459, 678 N.E.2d 917 (1997); *Shawnee Twp. v. Allen Cty. Budget Comm.,* 58 Ohio St.3d 14, 15, 567 N.E.2d 1007 (1991). Moreover, it is well established that administrative tax tribunals have authority to dismiss for lack of jurisdiction, and this is so even when the tribunal raises the issue on its own motion. *See, e.g., Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision,* 141 Ohio St.3d 149, 2014-Ohio-5030, 22 N.E.3d 1072, ¶ 21; *Gammarino v. Hamilton Cty. Bd. of Revision,* 71 Ohio St.3d 388, 643 N.E.2d 1143 (1994). *See also Shinkle v. Ashtabula Cty. Bd. of Revision,* 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 3, 14-15, 29 (affirming the BTA's ordering dismissal of one of several complaints that had been ruled on substantively by the board of revision when the record showed that the complaint ought to have been dismissed).

8

{¶ 23} We also find no merit in Greenway's claim that R.C. 5717.01 *required* the BTA to convene a hearing before it remanded the cause to the BOR for dismissal. R.C. 5717.01 provides that the BTA "may order the appeal to be heard on the record * * *, or it may order the hearing of additional evidence." And by rule, the BTA provides that "[i]f circumstances warrant, the board may proceed without delay to rule upon [a] motion." Ohio Adm.Code 5717-1-13(B). Under this rule, once an issue is fully briefed by the parties, the BTA may proceed to rule on the motion. Thus, neither statute nor BTA rule requires the hearing that Greenway asserts was required.

{¶ 24} Indeed, we have even held that despite R.C. 5717.02(E), which states that "upon the application of any interested party the board shall order the hearing of additional evidence," the BTA is justified in denying a hearing and summarily disposing of a claim when, by the nature of the claim, "there [is] nothing to accomplish by holding a hearing and taking additional evidence." *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 15, 23-24. That reasoning applies here. Greenway had ample opportunity to set forth its reasons why the complaint should not be dismissed. And as we have already discussed, Greenway's stated reasons are legally insufficient, and there is no factual dispute to be resolved that would make any difference to the disposition of the motion.

{¶ 25} Accordingly, we reject Greenway's third proposition of law.

{¶ 26} Our disposition of Greenway's appeal renders the cross-appeals moot.

### III. CONCLUSION

{¶ 27} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and FRENCH, J., concur.

FISCHER, J., concurs, with an opinion joined by DEGENARO, J.

O'DONNELL, KENNEDY, and DEWINE, JJ., concur in judgment only.

———————————

**FISCHER, J., concurring.**

{¶ 28} I agree in full with the majority opinion and concur in its judgment that the filing submitted by Scott Sweeney to appellee and cross-appellant Cuyahoga County Board of Revision ("BOR") did not invoke the BOR's jurisdiction, because he is neither an attorney nor a person who holds a position at a corporation that allows him, pursuant to R.C. 5715.19(A), to file on behalf of a corporation.

{¶ 29} I write separately, however, to draw attention to this court's prior determination that the legislature may authorize certain nonlawyers to file valuation complaints on behalf of property owners when that legislative authorization does not "substantially interfere" with this court's regulation of the practice of law, *Marysville Exempted Village School Dist. Bd. of Edn. v. Union City Bd. of Revision,* 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 21-34.

{¶ 30} As I stated in my opinion concurring in judgment only in *State ex rel. Emhoff v. Medina Cty. Bd. of Elections*, 153 Ohio St.3d 313, 2018-Ohio-1660, 106 N.E.3d 21, ¶ 46-47:

> Article IV, Section 2(B)(1)(g) of the Ohio Constitution expressly states, "The Supreme Court shall have *original jurisdiction* in the * * * [a]dmission to the practice of law, the discipline of persons so admitted, *and all other matters relating to the practice of law*." (Emphasis added.) * * *
>
> * * * [W]e have interpreted Article IV, Section 2(B)(1)(g) of the Ohio Constitution to confer on this court "*exclusive jurisdiction* over *all matters related to the practice of law*." (Emphasis added.) * * * *Disciplinary Counsel v. Alexicole, Inc.*, 105 Ohio St.3d 52, 2004-Ohio-6901, 822 N.E.2d 348, ¶ 8. In that same line of cases,

we have noted that "[t]his court has *exclusive power* to regulate, control, and *define the practice of law* in Ohio." (Emphasis added.) *Cleveland Bar Assn. v. CompManagement Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39.

**{¶ 31}** There seems to be an inconsistency between the case law interpreting the Ohio Constitution to confer on this court *exclusive* jurisdiction to control *all* matters related to the practice of law and the cases in which this court has acquiesced to the legislature's authorizing nonparty-nonlawyers to file pleadings when the authorizing legislation does not substantially interfere with our regulation of the practice of law.

**{¶ 32}** Because Sweeney was not authorized by R.C. 5715.19 to file the complaint in this case, this apparent inconsistency need not be resolved here. Nonetheless, this case provides another example of this court's apparent inconsistency in its jurisprudence on practice-of-law-related matters. The court should directly address the apparent inconsistency at an appropriate time and resolve it by either overruling the cases that permit entities other than this court to make practice-of-law-related decisions or explain how our jurisdiction can be exclusive when other entities also make practice-of-law-related decisions.

DEGENARO, J., concurs in the foregoing opinion.

_____

Chilcote Law Firm, L.L.P., Lee A. Chilcote, and David T. Dohnal; and Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas M.J. Ray, and Heather M. Lutz, for appellant and cross-appellee.

Kadish, Hinkel & Weibel, Kevin M. Hinkel, and John P. Desimone, for appellee and cross-appellant Orange City School District Board of Education.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellees and cross-appellants Cuyahoga County Board of Revision and Cuyahoga County Fiscal Officer.

_____