[Cite as *McDonald's Corp. v. Union Cty. Bd. of Revision*, 2012-Ohio-3751.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

McDONALD'S CORPORATION, SUCCESSOR-
IN-INTEREST BY MERGER WITH
FRANCHISE REALTY INTERSTATE
CORPORATION,

      APPELLEE,                              CASE NO. 14-12-14

      v.

UNION COUNTY BOARD OF REVISION,
ET AL.,

      APPELLEES,
      -and-                             **O P I N I O N**

CONNOLLY CONSTRUCTION CO.,

      APPELLANT.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2011-A-3302**

**Judgment Affirmed**

**Date of Decision: August 20, 2012**

---

**APPEARANCES:**

      *Luther L. Liggett, Jr. and Heather Logan Melick* **for Appellant**

      *Charles L. Bluestone* **for Appellee, Franchise Realty**

      *David W. Phillips* **for Appellee, Union Co. Prosecutor**

      *Mike DeWine* **for Appellee, Tax Commissioner**

**PRESTON, J.**

{¶1} Appellant, Connolly Construction Corporation, appeals the Board of Tax Appeal's judgment granting a motion filed by appellee, McDonald's Corporation, Successor-in-Interest by Merger with Franchise Realty Interstate Corporation, to dismiss Connolly Construction's underlying complaint for lack of a valid signature. Connolly Construction argues the Board of Tax Appeals erred in dismissing the complaint. Connolly Construction contends that the complaint was valid because it was signed by a salaried employee pursuant to statute. For the reasons that follow, we affirm.

{¶2} On March 31, 2011, Connolly Construction filed a complaint with the Union County Board of Revision to challenge the valuation of McDonald's property in Marysville, Ohio. Connolly Construction challenged the valuation of McDonald's property because the property was located in an area where Connolly Construction had received tax increment financing ("TIF"). TIF "is a method of financing that is used to pay for public improvements. A public entity will sell bonds for public improvements and recoup the money from the increase in value of property that is enhanced by the public improvements." *Sugarcreek Twp. v. Centerville*, 184 Ohio App.3d 480, 2009-Ohio-4794, ¶ 24 (2d Dist.). According to Connolly Construction, the value of McDonald's property would affect the value of the TIF property as a whole and if the property was undervalued, Connolly

Construction could be liable for the reduced tax revenue. Connolly Construction argued the auditor's valuation of the property was less than the true value based on comparable sales, appraisal evidence, and similar valuations. Connolly Construction's complaint was signed by "John R. Connolly," but did not indicate what John Connolly's relationship was to Connolly Construction. McDonald's filed a counter-complaint challenging the validity of Connolly Construction's complaint.

{¶3} Following a hearing, the Union County Board of Revision issued a decision increasing the value of McDonald's property from $900,000 to $1,120,000. On October 18, 2011, McDonald's filed a notice of appeal with the Board of Tax Appeals.

{¶4} On January 20, 2012, McDonald's filed a motion requesting that the Board of Tax Appeals remand the case to the Union County Board of Revision with instructions to dismiss the underlying complaint. McDonald's argued Connolly Construction failed to correctly identify the owner of the subject property in its complaint, that as a salaried employee, John Connolly was unauthorized to sign the complaint on behalf of Connolly Construction, and that Connolly Construction's reliance on the Union County auditor's records when determining the owner of the subject property did not prevent the dismissal of Connolly Construction's complaint.

{¶5} On January 24, 2012, Connolly Construction filed its motion in response. Connolly Construction argued its complaint adequately identified the owner of McDonald's property and that R.C. 5715.19(A) permits a salaried employee to sign a complaint to the Board of Revision on behalf of a corporation.

{¶6} On March 27, 2012, the Board of Tax Appeals issued its decision and order granting McDonald's motion. The Board of Tax Appeals decided the record was insufficient to determine the accuracy of the listed owner of the subject property. The Board of Tax appeals did address whether John Connolly was permitted to sign the complaint pursuant to R.C. 5715.19(A), and determined that he was unauthorized to sign the complaint on behalf of Connolly Construction because preparing and filing the complaint constituted the unauthorized practice of law.

{¶7} On April 10, 2012, Connolly Construction filed a notice of appeal. Connolly Construction now raises one assignment of error for our review.

**Assignment of Error**

**The Board of Tax Appeals erred in dismissing Connolly Construction Co.'s underlying complaint for lack of a valid signature, as the record established that the signatory is a salaried employee of the corporation, on express authority of the Ohio Revised Code §5715.19(A)(1).**

{¶8} In its sole assignment of error, Connolly Construction argues the Board of Tax Appeals erred by dismissing its underlying complaint for lack of a

valid signature. Connolly Construction relies on R.C. 5715.19(A)(1), which permits a "salaried employee" to file a complaint with the Board of Revision on behalf of a corporation. Connolly Construction contends that John Connolly was a salaried employee and filed the complaint pursuant to statute. Connolly Construction argues the Board of Tax Appeals erred by determining John Connolly had engaged in the unauthorized practice of law by signing and filing the complaint, and that the Board of Revision lacked jurisdiction to consider the complaint as a result.

{¶9} Pursuant to R.C. 5717.04, we review a decision of the Board of Tax Appeals to determine whether it is reasonable and lawful. *Mobile Instrument Service and Repair, Inc., v. Tax Commr.*, 3d Dist. No. 8-2000-20, *2 (Dec. 6, 2000). "As long as there is evidence which reasonably supports the conclusion reached by the board, its decision must stand." *Highlights for Children, Inc. v. Collins*, 50 Ohio St.2d 186, 187-188 (1977). However, in the present case, we must consider a legal question regarding R.C. 5715.19(A)(1) rather than review a factual determination. "Because this analysis requires us to construe and apply the language of the statute, we confront a question of law, and our review is de novo." *Bd. of Edn. Huber Heights City Schools v. Montgomery Cty. Bd. of Revision*, 2d Dist. No. 24686, 2012-Ohio-193, ¶ 12.

{¶10} The issue before this Court is whether a non-attorney salaried employee of a corporation, who signs and files a complaint with a board of revision on behalf of that corporation pursuant to R.C. 5715.19(A), engages in the unauthorized practice of law. The Ohio Constitution grants the Supreme Court of Ohio jurisdiction over the practice of law. Ohio Constitution, Article IV, Section 2(B)(1)(g). The Court has prohibited the unauthorized practice of law, which it has defined as "the rendering of legal services for another by any person not admitted to practice in Ohio." Gov.Bar. R. VII(2)(A). The Court has further stated:

> "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law."

*Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, ¶ 7, quoting, *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23 (1934), paragraph one of the syllabus.

{¶11} The Supreme Court of Ohio has previously held that the preparation and filing of a complaint with a board of revision by a non-attorney on behalf of a taxpayer constitutes the practice of law. *Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 483 (1997). Subsequent to that decision, the General Assembly enacted Sub.H.B. No 694, effective March 30, 1999, which amended R.C. 5715.19. *Bd. of Edn. of the Whitehall City School Dist. v. Franklin Cty. Bd. of Revision*, 10th Dist. Nos. 01AP-878, 01-AP-879, 2002-Ohio-1256, *4. The pertinent provision of R.C. 5715.19 now permits a filing of a complaint with a board of revision by:

> [a]ny person owning taxable real property in the county or in a taxing district with territory in the county * * * if the person is a firm, company, association, partnership, limited liability company, or corporation, an officer, a salaried employee, a partner, or a member of that person * * *.

{¶12} In the present case, Connolly Construction contends its complaint was valid because John Connolly is a salaried employee and permitted to file a complaint with a board of revision pursuant to R.C. 5715.19. McDonald's argues the Board of Tax Appeals correctly determined it lacked jurisdiction over the case because R.C. 5715.19 unconstitutionally permits the unauthorized practice of law. It is undisputed that John Connolly is a non-attorney salaried employee of

Connolly Construction, and thus authorized to sign and file the complaint with the board of revision pursuant to R.C. 5715.19(A). This Court must thus address the question of whether the relevant provision of R.C. 5715.19(A) is unconstitutional.

{¶13} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." *Xenia v. Schmidt*, 101 Ohio St. 437 (1920), paragraph two of the syllabus.

{¶14} Two district courts of appeals have addressed whether revised R.C. 5715.19 permits the unauthorized practice of law and is, consequently, unconstitutional. The Eighth District Court of Appeals first addressed the issue in *C.R. Truman, L.P. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 76713 (July 27, 2000). In that case, a non-attorney partner and owner of the limited partnership filed the complaint on behalf of the partnership. *Id*. at *1. The Eighth District found R.C. 5715.19 unconstitutional because it violated the separation of powers between the judiciary and legislative branches. *Id*. at *3. "The essential principle

underlying the policy of the division of powers * * * is that powers properly belonging to one of the departments ought not be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others." *Id.*, quoting *State ex rel. Bryant v. Akron Metro. Park Dist.*, 120 Ohio St. 464, 473 (1929). The Eighth District stated, "[t]he General Assembly has no authority to authorize lay persons to engage in the practice of law in a representative capacity for another entity * * *." *Id.* at *4. The Tenth District Court of Appeals next addressed this issue as applied to a 50% owner of a limited liability company. *Whitehall City School Dist.*, 10 Dist. Nos. 01AP-878, 01AP-879, 2002-Ohio-1256. The Tenth District agreed with the Eighth District that the General Assembly did not have the authority to authorize lay persons to engage in the practice of law in a representative capacity, holding that R.C. 5715.19(A) was unconstitutional "insofar as it permits persons that are not attorneys or owners of the property to file a complaint before a board of revision on behalf of the owner." *Id.* at *5.

{¶15} Subsequent to the Eighth and Tenth District cases, the Supreme Court of Ohio addressed a similar issue in *Dayton Supply*, 111 Ohio St.3d 367, 2006-Ohio-5852. In that case, the Court considered whether a corporate officer engages in the unauthorized practice of law by preparing and filing a complaint before a board of revision. *Id.* The Court acknowledged that preparing and filing a

complaint and participating in a board of revision proceeding on behalf of someone else constituted the practice of law. *Id*. at ¶ 30. However, the Court found that public interest factors justified an exception to the rule in the case of a corporate officer preparing and filing a complaint on behalf of a corporation. *Id*. The Court stated:

> Specifically, corporate officers have a fiduciary duty to the corporation such that accountability and loyalty are not an issue in permitting them to act on behalf of the corporation. Further, assuming that no legal issues are involved or arise in the case before the BOR, hiring an attorney is not necessary, a situation that makes filing a complaint by a corporation more convenient and less expensive.

*Id*. The Court thus permitted a corporate officer to prepare and file a complaint with the board of revision, as long as the corporate officer did not perform any other legal tasks. *Id*. at ¶ 32.

{¶16} Following *Dayton Supply*, the Board of Tax Appeals addressed the issue of whether a salaried employee was authorized to file a complaint with a board of revision pursuant to R.C. 5715.19. *Bd. of Edn. of the Springfield City School Dist. v. Clark Cty. Bd. of Revision*, BTA No. 2008-M-2522 (Mar. 4, 2011). In that case, as in the case before this Court, the Board of Tax Appeals determined

there was no evidence that the salaried employee had a fiduciary duty to the corporation. *Id.* Consequently, the Board of Tax Appeals found that the factors the Supreme Court of Ohio applied in *Dayton Supply* were inapplicable and the salaried employee engaged in the unauthorized practice of law, invalidating the complaint. *Id.* Since the complaint was invalid, the board of revision lacked jurisdiction. *Id.*

{¶17} After reviewing the relevant law, we agree with the Board of Tax Appeals that the provision of R.C. 5715.19 permitting a salaried employee to sign and file a complaint constitutes the unauthorized practice of law. As previously discussed, the Supreme Court of Ohio has authority over all matters relating to the practice of law. Ohio Constitution, Article IV, Section 2(B)(1)(g). Preparing and filing a complaint with a board of revisions falls within the definition of the practice of law. *Dayton Supply*, 2006-Ohio-5852, at ¶ 30. R.C. 5715.19(A) permits certain lay persons, including "salaried employees," to prepare and file complaints on behalf of a corporation. We decline to extend the exception the Supreme Court of Ohio created for corporate officers to file and prepare complaints on behalf of a corporation to a salaried employee. *Id.* As a result, R.C. 5715.19(A) is unconstitutional beyond a reasonable doubt to the extent that it permits a salaried employee to prepare and file a complaint on behalf of a corporation. Since John Connolly is a non-attorney salaried employee and

-11-

Connolly Construction has not provided any evidence that he is a corporate officer, John Connolly was unauthorized to prepare and file the complaint on behalf of Connolly Construction with the Union County Board of Revision.  Thus, the Board of Tax Appeals did not err in dismissing Connolly Construction's complaint on that basis.

{¶18} Connolly Construction's assignment of error is, therefore, overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**