**MARYSVILLE EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.* UNION COUNTY BOARD OF REVISION ET AL., APPELLEES; CONNOLLY CONSTRUCTION COMPANY, APPELLANT.**

[Cite as *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision,* 136 Ohio St.3d 146, 2013-Ohio-3077.]

*Taxation—Real property—R.C. 5715.19(A)(1)—Legislature did not substantially interfere with Supreme Court's authority to regulate practice of law by permitting nonlawyer salaried employees of corporate property owner to file valuation complaint on corporation's behalf—Jurisdiction of board of revision properly invoked by complaint filed by salaried employee on behalf of corporate owner.*

(No. 2012-1648—Submitted April 23, 2013—Decided July 17, 2013.)

APPEAL from the Board of Tax Appeals,

Nos. 2011-K-4087 through 2011-K-4096.

_____

**Per Curiam.**

{¶ 1} This real-property tax case presents an issue of the jurisdiction of the boards of revision: Does a valuation complaint validly invoke jurisdiction when the property owner is a corporate entity and the complaint was prepared and filed by a salaried employee of the entity who is neither an officer nor a lawyer?

{¶ 2} In this case, ten valuation complaints were filed by a salaried employee on behalf of Connolly Construction Company as the property owner. In each case, the Union County Board of Revision ("BOR") apparently ordered a decrease in value, after which the Marysville Exempted Village School District Board of Education ("school board") appealed to the Board of Tax Appeals ("BTA"). The school board asked the BTA to order that the original complaints be dismissed in each case because the complaints were allegedly signed by a

salaried employee of the corporation who is not himself a lawyer, but who nonetheless purported to act on behalf of the corporate owner. In support, the school board cited *Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997), and *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 85 Ohio St.3d 156, 707 N.E.2d 499 (1999). While acknowledging that R.C. 5715.19(A)(1) now explicitly authorizes salaried corporate employees to file on behalf of the corporate owner, the school board argued that the statute cannot be given effect because that kind of filing constitutes the unauthorized practice of law.

{¶ 3} On September 25, 2012, the BTA issued a consolidated decision granting the school board's motion. The BTA ordered that the appeals be remanded to the BOR to be dismissed for want of jurisdiction. Connolly Construction has appealed, and we now reverse the BTA.

{¶ 4} Because the BTA erroneously ordered dismissal, the valuation complaints have not received a determination on the merits from the BTA. We therefore remand to the BTA for further proceedings.

**Facts**

{¶ 5} The record in this case is sparse. The BTA has certified the transcript of its proceedings to this court pursuant to R.C. 5717.04, but that record does not contain any affidavits or testimony. Moreover, the transcript from the BOR that would ordinarily be certified to the BTA pursuant to R.C. 5717.01 and included in the record before this court is absent. Accordingly, the record does not contain the actual valuation complaints at issue or any other evidence bearing on the jurisdictional issue.

{¶ 6} What the record does contain is the school board's motion to dismiss filed at the BTA and Connolly Construction's memorandum in opposition. The motion asserts that "[t]he person who filed the complaints is only a salaried employee of the company, not the owner or a corporate officer with a

fiduciary duty to the company. Likewise, [the filer] is not an attorney and signing and filing the complaints was improper as an unauthorized practice of law." The memorandum in opposition does not dispute those facts; instead, the memorandum argues that (1) the filing by the salaried employee was proper because the complaint is a fact affidavit and the employee is the person with knowledge, (2) R.C. 5715.19(A)(1) as amended in 1999 specifically permits a salaried employee of a corporate property owner to file on behalf of the owner, and (3) the BTA has no authority to decline to apply the statute on constitutional grounds.

{¶ 7} In its September 25, 2012 decision, the BTA observed that the BOR had failed to certify the transcript of its proceedings, yet held that the record was "adequate to resolve [the school board's] motion." *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, BTA Nos. 2011-K-4087 through 2011-K-4096, 2012 WL 4766420, *1 (Sept. 25, 2012), fn. 1. The complaints had been "prepared and filed on behalf of Connolly Construction by its employee, John R. Connolly," who was neither a lawyer and nor an officer. *Id.* at *1.

{¶ 8} Relying on *McDonald's Corp. v. Union Cty. Bd. of Revision*, 2012-Ohio-3751, 974 N.E.2d 133 (3d Dist.), *appeal accepted,* 133 Ohio St.3d 1489, 2012-Ohio-5459, 978 N.E.2d 909, the BTA concluded that salaried employees who are not lawyers could not be authorized to file a complaint on behalf of the corporation. Accordingly, the BTA ordered remand to the BOR for dismissal.

### Analysis

**A. Connolly's admissions permit the jurisdictional issue to be determined**

{¶ 9} The BTA determined that the record was "adequate" to permit it to determine the jurisdictional issue the parties presented. 2012 WL 4766420, *1, fn. 1. At first blush, this finding is puzzling. Apparently, the BTA lacked *any*

record—and therefore any factual basis for determining whether the asserted jurisdictional issue was in fact presented and, if so, how it should be resolved.

{¶ 10} There is a danger in such a situation that the parties are asking the BTA (and on appeal, the court) to render an advisory opinion on an issue that is not actually presented. Nonetheless, the BTA was justified in reviewing the legal issue that the parties presented in spite of any deficiencies of the record. That is so because of the elementary proposition that "when jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990). If Connolly Construction believed that a state of facts existed that established the BOR's jurisdiction over its complaints, it had the burden to assert those grounds in opposition to the motion to dismiss and to offer concomitant proof as necessary in support of its assertions. *See Rapier v. Union City Non-Ferrous, Inc.*, 197 F.Supp.2d 1008, 1012 (S.D.Ohio 2002); *accord Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 134 Ohio St.3d 539, 2012-Ohio-5750, 983 N.E.2d 1295, ¶ 16-18 (affirming jurisdictional dismissal of appeal to the BTA when appellant failed to produce sufficient evidence of alleged facts supporting jurisdiction).

{¶ 11} This burden is very much attendant here because a valuation complaint initiates an administrative proceeding that is specially created by statute. Indeed, we have held that the complainant in a special statutory proceeding must affirmatively plead the jurisdictional facts. *See Haskins v. Alcott & Horton*, 13 Ohio St. 210, 216 (1862) ("where a statute, upon certain conditions, confers a right, or gives a remedy, unknown to the common law, the party asserting the right, or availing himself of the remedy, must, in his pleadings, bring himself, or his case, clearly within the statute"); *see also S. Christian Leadership Conference v. Combined Health Dist.*, 191 Ohio App.3d 405, 2010-Ohio-6550,

4

946 N.E.2d 282, ¶ 28 (2d Dist.). This principle comports with the overarching doctrine that the proponent of jurisdiction must shoulder the burden of showing that the tribunal—here, the board of revision—may proceed to hear its complaint.

{¶ 12} In this case, Connolly Construction never contested the factual assertions made by the school board, nor did it set forth alternative grounds for jurisdiction. Instead, Connolly Construction acquiesced in the school board's factual assertions as a basis for determining the BOR's jurisdiction. Indeed, the only basis that Connolly Construction offered in support of jurisdiction was the provision in R.C. 5715.19(A)(1) permitting a salaried employee to file a valuation complaint on behalf of its employer, a corporate property owner.[1]

{¶ 13} We conclude that under these circumstances, we may proceed to review the BTA's legal determination that despite R.C. 5715.19(A)(1)'s explicit authorization, a salaried employee may not file a valuation complaint on behalf of a corporation if that employee is not a lawyer.

## B. The BTA may decline to apply a statute when the board relies on an appellate court decision declaring the statute unconstitutional

{¶ 14} Connolly Construction argues that the BTA has no authority to declare a statute unconstitutional, because the BTA " 'is an administrative agency, a creature of statute, and is without jurisdiction to determine the constitutional validity of a statute.' " *Castle Aviation, Inc. v. Wilkins*, 109 Ohio St.3d 290,

---

1. Our decision in *Worthington City School Dist. Bd. of Edn.*, 85 Ohio St.3d 156, 707 N.E.2d 499, established that even before the 1999 amendments to R.C. 5715.19(A)(1), the complaint did not have to be signed by an attorney as long as an attorney had substantial involvement in preparing and filing it. *Id*. at 160. This is important in this case in two respects. First, Connolly Construction notably did not assert or offer to prove that the company's legal counsel was involved in preparing and filing the complaint, which would have constituted an alternative ground for rejecting the motion to dismiss—one that would obviate any consideration of the constitutionality of the 1999 amendments to R.C. 5715.19(A)(1). Second, the holding of *Worthington* shows why it does not matter that the Department of Taxation's complaint form is in the form of an affidavit, which would properly be signed by a fact witness rather than an attorney: under *Worthington*, the lawyer's involvement in preparing and filing means that there is no unauthorized-practice problem, even when *the client* is the one who signs the complaint.

2006-Ohio-2420, 847 N.E.2d 420, ¶ 35, quoting *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 520 N.E.2d 188 (1988), paragraph one of the syllabus; *accord Global Knowledge Training, L.L.C. v. Levin*, 127 Ohio St.3d 34, 2010-Ohio-4411, 936 N.E.2d 463, ¶ 16; *see also MCI Telecommunications Corp. v. Limbach*, 68 Ohio St.3d 195, 198, 625 N.E.2d 597 (1994) (in an as-applied challenge, the BTA's limited role is to "receive evidence for [the court] to make the constitutional finding").

{¶ 15} While the general proposition Connolly Construction relies upon is true, we do not agree that it applies in this context. To be sure, the BTA's status as a creature of statute does prevent it from declining to apply a pertinent statute on constitutional grounds based merely upon its own determination of the statute's constitutionality. But in this case, the BTA pointed to and relied on a decision from the Third Appellate District, *McDonald's Corp.*, 2012-Ohio-3751, 974 N.E.2d 133, and the limits on the BTA's jurisdiction as an administrative tribunal do not preclude it from attending to, and giving effect to, the pronouncements of the courts that review its decisions. Indeed, no one has argued that a ruling issued by *this* court could be ignored by the BTA; the BTA would not only have jurisdiction to apply this court's precedent—it would have a duty to do so.

{¶ 16} We conclude that the BTA had jurisdiction to apply the *McDonald's* decision from the Third District and to order dismissal in this case based on the authority of that appellate decision. We now turn to the merits of whether the BTA should have done so.

### C. The potential conflict between legislative power and this court's duty to regulate the practice of law

#### 1. The Sharon Village *doctrine*

{¶ 17} More than 15 years ago, we issued a consequential decision that addressed whether a corporation that owned real property could authorize a

6

nonattorney to file a valuation complaint on its behalf. In *Sharon Village*, 78 Ohio St.3d 479, 678 N.E.2d 932, the court applied (1) the former version of R.C. 5715.19(A), (2) R.C. 4705.01, a statute prohibiting the practice of law by nonlawyers, and (3) case law defining the practice of law. We held that preparing and filing a valuation complaint on behalf of another constituted the practice of law. As a result, a person who is not a lawyer could not be authorized to file a valuation complaint on behalf of a corporate entity that owned real property because any such filing constituted the unauthorized practice of law and, accordingly, would not validly invoke the board of revision's jurisdiction to hear the complaint. *Id*. at 483.

{¶ 18} *Sharon Village* relied on case law that had expansively interpreted the practice of law. The practice of law is not " 'limited to the conduct of cases in court,' " but it encompasses as well " 'the preparation of pleadings and other papers incident to actions and special proceedings,' " along with " 'the management of such actions and proceedings on behalf of clients before judges and courts.' " *Id*. at 480, quoting *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus. In addition, " 'conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law' " fell under this broad definition of the practice of law. *Sharon Village* at 480-481, quoting *Dworken* at paragraph one of the syllabus. On that basis, *Sharon Village* held that the preparation and filing of valuation complaints on behalf of others constituted the practice of law. *Id*. at 482.

### 2. Anti-Sharon Village *legislation*

{¶ 19} Significantly, during the time at issue in *Sharon Village* and its progeny, R.C. 5715.19(A) did not specify persons who may file on behalf of a corporate property owner. Am.Sub.H.B. No. 603, 142 Ohio Laws, Part III, 4583, 4589. But R.C. 4705.01 did expressly prohibit a nonlawyer from "using or

subscribing his own name" to commence, conduct, or defend any "action or proceeding" when the nonlawyer is not a party to the case. Am.Sub.S.B. No. 219, 140 Ohio Laws, Part I, 662, 680-681. Thus, at the time *Sharon Village* was decided, the statutes themselves did not authorize anyone but a lawyer to file on behalf of a corporate entity. That circumstance makes it understandable that the filing of a valuation complaint by a nonlawyer was deemed to constitute a jurisdictional defect in the complaint itself.

{¶ 20} In 1999, however, the General Assembly enacted Sub.H.B. No. 694, which amended R.C. 5715.19(A)(1) to permit certain specified persons to file valuation complaints on behalf of the property owner without regard to whether those persons are lawyers. 147 Ohio Laws, Part III, 5373, 5375. Permitting nonlawyers to file as the agent of a property owner raised the issue "whether the legislative enactment can constitutionally be enforced in light of the duty to regulate the practice of law that the Ohio Constitution vests in this court." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 11.

*3. This court has upheld two H.B. 694 provisions*

{¶ 21} In two cases, this court has addressed different portions of the 1999 amendments to R.C. 5715.19(A)(1). First, in *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision,* 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, we considered the statutory provision authorizing nonlawyer corporate officers to file on behalf of the corporate property owner. In that case, we set forth the relevant factors to consider in determining, on a case-by-case basis, whether a particular activity may be performed by nonlawyers. *Id.* at ¶ 7-13. We concluded that "a corporate officer does not engage in the unauthorized practice of law by preparing and filing a complaint with the board of revision and by presenting the claimed value of the property before the board of revision on behalf of his or her corporation, as long as the officer does not make legal

arguments, examine witnesses, or undertake any other tasks that can be performed only by an attorney." *Id.* at syllabus.

**{¶ 22}** Next, in *Columbus Bd. of Edn.*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, we addressed the amended statute's provision that authorizes a property owner's spouse to file on behalf of the owner. Concluding that the legislature did not substantially interfere with this court's authority to regulate the practice of law by permitting a spouse to file a valuation complaint on behalf of the property owner, the court deferred to the General Assembly's decision regarding how the jurisdiction of an administrative board may be invoked. We also declined to apply the case-by-case test used in *Dayton Supply & Tool* to decide who may file on another's behalf, based on our perception that the legislature did not intend that any such test be applied.

**{¶ 23}** Thus, the decision in *Columbus Bd. of Edn.* provides a roadmap for considering the issue in this case, i.e., whether salaried employees of a corporate property owner may prepare and file a valuation complaint on behalf of the owner.

## D. The General Assembly did not exceed its authority when it authorized salaried employees to file complaints on behalf of the corporation

**{¶ 24}** At the outset, we note that Connolly's heavy reliance on our decision in *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, is misplaced. In *Toledo*, a lawyer for a property-management company prepared and filed a valuation complaint on behalf of the property owner, pursuant to an agreement granting the management company that authority. We confronted the issue whether a contractor could act as an agent of the property owner and held that it could. *Id.* at ¶ 24, 28, and 30. We specifically noted, however, that the issue of the unauthorized practice of law (which is at the heart of this case) did not arise,

because a lawyer—the contractor's lawyer—had been involved in preparing and filing the complaint. *Id.* at ¶ 22. Accordingly, *Toledo* is inapposite.

{¶ 25} Because *Toledo* does not control, we must apply the test articulated in *Columbus Bd. of Edn.* Under that case, three principles guide the court's determination. First, we decline to adopt an as-applied approach with a multifactor constitutional test that the legislature itself did not enact and did not intend. *Columbus Bd. of Edn.* calls for reviewing each of the particular provisions added to R.C. 5715.19(A)(1) by Sub.H.B. No. 694 on an all-or-nothing basis, because "[l]itigants and agencies should be able to rely on the statute at all times or, alternatively, know that they may never rely on it." *Id.* at ¶ 20.

{¶ 26} Second, we accord deference to the General Assembly's authority to create administrative tribunals such as the boards of revision and to define how their jurisdiction may be invoked. *Id*. at ¶ 22. It follows that we will invalidate the filing of a complaint that complies with R.C. 5715.19(A)(1) only if we find that enforcing the statute would substantially interfere with this court's duty to regulate the practice of law. *Id.*

{¶ 27} Third, we uphold the legislative decision to authorize the filing of a complaint on behalf of the owner if the person so authorized may, by virtue of his or her relationship with the owner, be held accountable by the owner for his or her actions. *Id*. at ¶ 24.

{¶ 28} Applying these principles compels the conclusion that the General Assembly had authority to authorize salaried employees, though not lawyers, to file on behalf of the corporate property owner. Although the salaried corporate employee does not necessarily have the same degree of fiduciary duty toward the corporation that an officer possesses, the relationship of a salaried employee to the corporate employer does "tend to involve an ongoing relationship between the owner and the filer" that "allow[s] the owner to hold the filer accountable for his or her actions." *Columbus Bd. of Edn.*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983

N.E.2d 1285, at ¶ 24. Nor does allowing the salaried employee to file constitute any greater intrusion on our duty to regulate the practice of law than those authorizations that we have already upheld.

{¶ 29} Moreover, we find the school board's arguments to the contrary unavailing. The school board first argues that "the legislature cannot widen the pool of people who may practice law." It is true that, because this court bears the ultimate constitutional responsibility to oversee the practice of law, the legislature can go no further in authorizing legal practice by nonlawyers than we permit. But it is equally true that we have permitted nonlawyers to engage in a properly limited range of activity, even though that activity falls within the broad definition of legal practice. We have held that " 'there are multiple interests to consider in determining whether a particular legal activity is acceptably performed by nonlawyers,' " so that even though " 'all representative conduct at the administrative level falls within the broad definition of the practice of law, yet [we may] still authorize lay representatives to perform certain functions in the administrative setting when the public interest so demands.' " *Dayton Supply & Tool Co.*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, ¶ 13, quoting *Cleveland Bar Assn. v. CompManagement*, *Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 69.

{¶ 30} In *CompManagement*, we upheld the standards of Industrial Commission Resolution No. R04-1-01, which defined what certain nonlawyers (third-party administrators and union representatives) may do in connection with assisting claimants and employers with workers' compensation claims before the Industrial Commission. Those standards authorized nonlawyers, among other things, to assist parties " 'in the administration of a claim and the filing of claims and appeals.' " *Id*. at ¶ 21, quoting paragraph (A)(2) of the Resolution. *Accord Henize v. Giles*, 22 Ohio St.3d 213, 217, 490 N.E.2d 585 (1986) ("With this authority [to control the practice of law] is the concomitant responsibility to

protect the public by preventing the unauthorized practice of law, while at the same time not exercising this authority so rigidly that the public good suffers").

{¶ 31} This background demonstrates that there is ample precedent for exercising deference to laws or policies that, in properly limited contexts, authorize nonlawyers to engage in activities that fall into the broad category of the practice of law. Because the authorization of salaried employees to file on behalf of their corporate employers satisfies the relevant criteria, we uphold it.

{¶ 32} Next, the school board attempts to distinguish this case from *Dayton Supply & Tool* by contrasting the duties of a corporate officer and those of a salaried employee. The school board asserts that the person who prepares and files the valuation complaint must have a "fiduciary duty" to the corporate property owner and states that unlike corporate officers, salaried employees are not typically regarded as fiduciaries of the corporation.

{¶ 33} We do not find this argument persuasive. It has long been acknowledged that an employee is party to an " 'implied agreement * * * that he will faithfully serve and be regardful of the interests of his employer during the term of service and carefully discharge his duty to the extent reasonably implied by the relation of employer and employee.' " (Emphasis deleted.) *Fremont Oil Co. v. Marathon Oil Co.*, 26 O.O.2d 109, 92 Ohio Law Abs. 76, 192 N.E.2d 123, 126 (C.P.1963), quoting 35 Ohio Jurisprudence 2d, Section 78, 500; *see also Fugo v. Summit Cty. Bd. of Commrs.*, 9th Dist. Summit No. C.A. 8380, 1977 WL 198883 (June 2, 1977) (same); *accord Columbus & Xenia RR. Co. v. Webb's Admr.*, 12 Ohio St. 475, 492 (1861). This legal relationship makes the salaried employee sufficiently accountable to the property owner under the *Columbus Bd. of Edn.* test. That is particularly true since, in that case, the spousal relationship met the test even in the absence of a business-fiduciary component.

{¶ 34} In sum, we hold that the legislature acted within its authority in amending R.C. 5715.19(A)(1) to permit a salaried employee of a corporation who

is not a lawyer to file a complaint on behalf of the corporation. The complaints in this case therefore properly invoked the jurisdiction of the BOR, and dismissal was not warranted.

### Conclusion

{¶ 35} For the foregoing reasons, the BTA erred by ordering that the valuation complaints at issue be dismissed for lack of jurisdiction. We therefore reverse the decision of the BTA and remand for further proceedings. Additionally, the pending motion to consolidate this case with other cases is, with respect to this case, denied as moot.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Britton, Smith, Peters & Kalail Co., L.P.A., Karrie Marie Kalail, and Paul J. Deegan, for appellee Marysville Exempted Village School District Board of Education.

Luper, Neidenthal & Logan, Luther L. Liggett Jr., and David M. Scott, for appellant.

_____