[Cite as *Petros Invest. Co., L.L.C. v. Jackson Local School Dist.*, 2015-Ohio-24.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| PETROS INVESTMENT CO., LLC | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JACKSON LOCAL SCHOOL DISTRICT, ET AL., | : | Case No. 2014CA00076 |
| | : | |
| Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ohio Board of Tax
                             Appeals, Case No. 2012-2879


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            January 5, 2015


APPEARANCES:

For Appellant

TIMOTHY J. JEFFERIES
437 Market Avenue North
Canton, OH 44702


For Appellee Jackson Local
School District

MARY JO SHANNON SLICK
2100 38th Street, NW
Canton, OH 44709

For Appellee
Jackson Local School District

ROBERT M. MORROW
Means, Bichimer, Burkholder &
Baker Co., LPA
1650 Lake Shore Drive, Suite 285
Columbus, OH 43204


For  Stark County
Appellees

STEPHAN P. BABIK
Stark County Prosecutor
110 Central Plaza South, Suite 510
Canton, OH 44702

*Baldwin, J.*

{¶1} Appellant Petros Investment Co., LLC appeals from the April 14, 2014 Decision and Order issued by the Ohio Board of Tax Appeals.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about February 17, 2012, appellant filed a Complaint Against the Valuation of Real Property with the Stark County, Ohio Board of Revision. The Complaint sought to lower the 2011 property tax valuation of specified real property that appellant had purchased on July 1, 2011 for $500,000.00. Line 8 on the Complaint requires a complainant to list the increase or decrease in taxable value sought. Under Column A, which asks the complainant to list True Value (Fair Market Value), the figure $500,000 appears followed by a notation reading "per phone 4/16."

{¶3} On or about May 11, 2012, appellee Jackson Local School District filed a Counter-Complaint. Appellee, in its Counter-Complaint, stated that it supported the Auditor's value of the property. Appellee indicated that the terms of the sale to appellant were unknown and that it appeared that the "complaint was altered after filing."

{¶4} On July 12, 2012, the Board of Revision held a hearing. Appellant presented an appraisal indicating that the value of the property was $500,000.00. Pursuant to a decision dated August 1, 2012, the Board of Revision reduced the value of the subject property to $500,000.00 from $886,600.00. Appellee then appealed such decision to the Ohio Board of Tax Appeals.

{¶5} A hearing before the Ohio Board of Tax Appeals was held on September 17, 2013. At the hearing, appellee's counsel argued that the Complaint had been altered after the filing deadline. Appellee argued that, for such reason, the Complaint

"should have been declared jurisdictionally defective, but was never done so." Transcript of September 17, 2013 hearing at 9. Appellee's counsel further stated that "[t]his was not an uncommon practice in Stark County over the past several years, It has been a common occurrence, in fact, where filings that had jurisdictional issues were attempted to be rectified by representatives of the auditor's office after the initial filing." Transcript at 10-11.

{¶6}  Appellant's counsel responded to the jurisdictional argument as follows:

I would just ask the Board to review the statutory transcript.

There are – At the hearing I don't believe that there was any testimony concerning this.

I don't believe that as part of the transcript there is any other complaint other than the complaint that showed by Appellant in Exhibit I, I believe, and I would say that from the face of the complaint I don't know that it's clear that it was altered improperly.

So based on that, I'd just ask the Board to – you know, if they are limited to the statutory transcript, I don't think that there's any evidence of improper altercation.  And other than that, nothing further.

{¶7}  Transcript of September 17, 2013 hearing at 12-13. Appellant's counsel, when asked if he knew whether or not there had been an alteration of the Complaint, stated that he did not because he had not represented appellant at the hearing.

{¶8}    On April 14, 2014, the Ohio Board of Tax Appeals reversed the decision of the Stark County Board of Revision, finding that appellant's Complaint was jurisdictionally defective because the Complaint had been altered after the March 31, 2012 deadline.   The Ohio Board of Tax Appeals, in its April 14, 2014 Decision and Order,  stated, in relevant part, as follows:

Further review of the statutory transcript reveals an opinion of value on line with a handwritten notation "per phone 4/16." S.T., Ex. A; Appellant's Ex. 1.  Moreover, the handwriting on this portion of the complaint is clearly different than that on the remainder of the complaint.  Id. In the instant case, the BOR [Board of Revision] apparently attempted to cure the jurisdictional defect on line 8 by contacting the property owner and writing in its opinion of value on the original complaint on April 16, 2012.

{¶9}    Appellant now appeals from the April 14, 2014 Decision and Order, raising the following assignment of error on appeal:

{¶10}  THE BOARD OF TAX APPEALS ERRED IN DETERMINING THAT THE THE (SIC) APPELLANT'S COMPLAINT WAS INSUFFICIENT TO INVOKE THE JURISDICTION OF THE BOARD OF REVISIONS (SIC).

I

{¶11}  Appellant, in its sole assignment of error, argues that the Board of Tax Appeals erred in determining that appellant's Complaint was insufficient to invoke the jurisdiction of the Board of Revision.

{¶12}  An issue of the jurisdiction of the tax tribunals typically presents a question of law that the court determines de novo. *See Abraitis v. Testa,* 137 Ohio St.3d 285, 2013-Ohio-4725, 998 N.E.2d 1149, ¶ 17, citing *Toledo v. Levin,* 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 26, and *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision,* 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10. When the jurisdiction of an administrative tribunal such as the Board of Revision is challenged, "'the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter.'" *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision,* 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 10, quoting *Ohio Natl. Life Ins. Co. v. United States,* 922 F.2d 320, 324 (6th Cir.1990).

{¶13}  R.C. 5715.19(D)  provides that "Each complaint shall state the amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect classification or determination upon which the complaint is based."  The requirement to state the amount of value runs to the core of procedural efficiency and is therefore jurisdictional.  *Shinkle v. Ashtabula Cty. Bd. Of Revision*, 135 Ohio St.3d 227, 2013-Ohio- 397, 985 N.E.2d 1243 at paragraph 22.  Failure to specify an amount in the complaint means that the complaint fails to invoke the Board of Revision's jurisdiction. Id. A complainant may not amend its Complaint after the filing deadline so as to cure jurisdictional defects. See, for example. *Ratner v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Nos. 47991, 47992, & 47993, 1984 WL 3586 (Nov. 15, 1984).

{¶14} In the case sub judice, the Ohio Board of Tax Appeals found that appellant's original Complaint was amended <u>after</u> the March 31, 2012 deadline to

include an opinion as to value on line 8 and that, therefore, the original Complaint was insufficient to invoke the jurisdiction of the Board of Review. While appellant argues that there was no evidence or testimony that the Complaint was altered, the burden was on appellant to establish jurisdiction. Although appellee raised the issue of alteration in its Counter-Complaint, appellant never offered any evidence establishing that the initial Complaint was not altered after the filing deadline and was, therefore, timely.

{¶15} Appellant's sole assignment of error is, therefore, overruled.

{¶16} Accordingly, the decision of the Ohio Board of Tax Appeals is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.