[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8844.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8844

COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8844.**]

*Taxation—Real-property valuation—Jurisdiction—R.C. 5715.19(A)(1)—Limited-liability company failed to establish that its complaint was signed by an officer, salaried employee, partner, or member and therefore failed to meet its burden to establish that the board of revision had jurisdiction over its complaint.*

(No. 2015-0336—Submitted June 6, 2017—Decided December 7, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-885.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case, appellee San Diego Real Estate Investments, L.L.C. ("SD REI"), filed a complaint seeking to reduce the Franklin County auditor's tax-year-2010 valuation based on the property's 2010 sale price.

The Franklin County Board of Revision ("BOR") granted the reduction for tax year 2010 but retained the auditor's value for tax years 2011 through 2013. The Board of Tax Appeals ("BTA"), however, adopted the BOR's reduction in value for tax years 2010 through 2013.

{¶ 2} The Columbus City Schools Board of Education ("BOE") has appealed, raising three propositions of law, one of which challenges the jurisdictional validity of SD REI's complaint. We conclude that the complaint was jurisdictionally defective, and thus we do not reach the BOE's other arguments.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 3} The property is a two-story residence used for rental purposes. In October 2009, Stewardship Fund, L.P., acquired the property through a deed in lieu of foreclosure. In January 2010, Stewardship Fund sent a letter to Alonso Cruz offering to sell the property for $26,000. An unsigned contract for sale dated January 2010 that was submitted to the BOR identifies Stewardship Fund as the seller and SD REI as the purchaser of the property, for a sale price of $26,000. The unsigned contract identifies Cruz as the "signatory" for SD REI.

{¶ 4} In February 2010, Stewardship Fund conveyed the property to SD REI via a limited warranty deed. A February 2010 United States Department of Housing and Urban Development settlement statement shows a sale price of $26,000 and identifies Stewardship Fund as the seller and SD REI as the borrower. Cruz signed the settlement statement as a "member" on behalf of SD REI.

{¶ 5} In January 2011, SD REI filed a complaint contesting the auditor's tax-year-2010 valuation. The complaint alleged that the value should be reduced from $90,400 to $26,000. The BOE filed a counter-complaint, asserting that the auditor's valuation should be retained. Although no one appeared on behalf of SD REI at the BOR hearing, it appears that Cruz faxed documents to the BOR in support of SD REI's requested reduction. On his fax cover sheet, Cruz referred to himself as SD REI's "manager." The BOR reduced the property's value to $26,000

for tax year 2010. But for tax years 2011 through 2013, the BOR determined that the value should be the auditor's reappraised value of $83,300.[1]

{¶ 6} The BOE appealed to the BTA. During the pendency of the BTA proceedings, the BOE served discovery on SD REI, seeking the name of the individual who signed SD REI's complaint and a description of the relationship between that individual and SD REI. SD REI never provided the information, and the BTA granted the BOE's unopposed motion to compel SD REI to respond to the BOE's discovery requests.

{¶ 7} After SD REI still did not respond, the BOE filed a motion for sanctions, which the BTA granted. Following the BTA's merit hearing (which SD REI did not attend), the BOE filed a merit brief together with a motion requesting that the BTA remand the matter to the BOR with instructions to dismiss the complaint and reinstate the auditor's valuation. The BOE asserted that SD REI's complaint failed to invoke the BOR's jurisdiction because the complaint was filed by an individual lacking the requisite authority. SD REI did not oppose the BOE's request for dismissal. The BTA nevertheless denied the BOE's unopposed request and ruled that the property's value should be $26,000 for tax years 2010 through 2013. The BOE then filed this appeal.

## DISCUSSION

{¶ 8} We begin and end our discussion by addressing the BOE's argument that SD REI's complaint was jurisdictionally defective. The jurisdictional sufficiency of a complaint is a question of law that we review de novo. *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 14, fn. 2; *see also Crown Communications v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 27 ("we exercise plenary authority to consider issues that concern the jurisdiction of the tax tribunals").

---

[1] Tax year 2011 was a sexennial reappraisal year in Franklin County.

**{¶ 9}** "Any person owning taxable real property in the county or in a taxing district with territory in the county" may file a real-property-valuation complaint with the auditor for presentment to the BOR. R.C. 5715.19(A)(1). When the "person is a firm, company, association, partnership, *limited liability company*, or corporation, an officer, a salaried employee, a partner, or a member of that person * * * may file such a complaint * * * ." (Emphasis added.) *Id.*; *see also Richman Properties, L.L.C. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 549, 2014-Ohio-2439, 13 N.E.3d 1126, ¶ 22-23 (explaining that a president and member of a limited-liability company has statutory authority to file on behalf of the company).

**{¶ 10}** The General Assembly's intention in specifying this class of individuals was to furnish a list of people "who may file on behalf of an owner when no attorney has performed the act of preparing and filing the complaint." *Toledo Pub. Schools Bd. of Edn.* at ¶ 29. In so specifying, "[t]he General Assembly [did] not throw[] open the door to allow any person to serve as another's agent." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 24. Rather, it "set[] forth a few specific relationships that tend to involve an ongoing relationship between the owner and the filer and that allow the owner to hold the filer accountable for his or her actions." *Id.*

**{¶ 11}** Here, there is no question that SD REI could pursue a challenge to the auditor's valuation—it owns taxable real property in Franklin County. The question is whether the individual who filed the complaint on SD REI's behalf fell within the class of individuals authorized by statute to do so. If that statutory authority was lacking, the complaint must be dismissed as jurisdictionally defective. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 17 ("we have consistently treated full compliance with R.C. 5715.19 as an indispensable prerequisite for the exercise of jurisdiction by a board of revision"); *see also*

*Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 1, 34 (R.C. 5717.19(A)(1) delimits the BOR's jurisdiction to hear a complaint); *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 26 (same).

**{¶ 12}** In its decision, the BTA concluded that the individual who signed SD REI's complaint was authorized to sign on its behalf. Curiously, however, the BTA reached this conclusion while conceding that an air of uncertainty hung over both the identity of the individual who signed the complaint and the nature of that individual's relationship with SD REI.

**{¶ 13}** To begin with, the BTA was unable to conclusively determine who actually signed the complaint. Though acknowledging that the signature on the complaint was "unintelligible," the BTA inferred that Cruz "may have" signed it. Next, the BTA characterized the relationship between Cruz and SD REI as "unclear." A fax cover sheet refers to Cruz as "manager" of SD REI; a settlement statement refers to him as a "member" of SD REI; and an unsigned contract refers to him as a "signatory" of SD REI. Against these shifting descriptions, the BTA nevertheless concluded that Cruz was authorized to file on SD REI's behalf. The BTA reasoned, without any authority, that it was appropriate to "err on the side of caution" in making this jurisdictional determination because the settlement statement identified Cruz as a member of SD REI. We conclude that the BTA erred in articulating a principle that construes jurisdictional questions in favor of the proponent of jurisdiction.

**{¶ 14}** Precedent instructs "that the proponent of jurisdiction must shoulder the burden of showing that the tribunal—here, the board of revision—may proceed to hear its complaint." *Marysville Exempted Village Local School Dist. Bd. of Edn.*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, at ¶ 11. Thus, " 'when jurisdictional facts are challenged, the party claiming jurisdiction bears the burden

of demonstrating that the court has jurisdiction over the subject matter.' " *Id.* at ¶ 10, quoting *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990).

{¶ 15} Under these principles, the BTA should have granted the BOE's request to dismiss SD REI's complaint. After the BOE challenged the jurisdictional sufficiency of the complaint, it was incumbent on SD REI to respond with evidence of basic facts showing that its complaint was signed by an individual authorized by R.C. 5717.19(A)(1). The necessity for SD REI to make this showing is apparent from the BTA's order, which found that the signature on the complaint was "unintelligible" and that the nature of Cruz's relationship with SD REI was "unclear." What is more, the BOE sought to clarify these issues through the discovery process but could not obtain answers from SD REI in spite of the BTA's orders compelling SD REI's discovery responses and sanctioning SD REI for its failure to respond. It follows that because SD REI did not respond to the BOE's challenge to the jurisdictional validity of the complaint, it failed to carry its burden of establishing jurisdiction. The BTA's contrary ruling, which found that Cruz was specifically authorized to file the complaint on SD REI's behalf, was error.

## CONCLUSION

{¶ 16} For the foregoing reasons, we reverse the BTA's decision that SD REI's complaint was jurisdictionally valid. We remand the cause to the BTA with instructions to dismiss the complaint.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., dissents.

O'NEILL, J., dissents, with an opinion.

_____

6

**O'NEILL, J., dissenting.**

{¶ 17} The BTA properly resolved the question whether there is a fatal jurisdictional defect in this case. There is not. I would affirm its decision.

{¶ 18} There is no dispute that appellee San Diego Real Estate Investments, L.L.C. ("SD REI"), is the property owner. R.C. 5715.19(A)(1) provides that if the taxpayer is a limited-liability company, an officer, salaried employee, partner, or member may file a tax complaint with a county auditor on behalf of the company. Although Alonso Cruz's name is not printed beneath the signature line of the complaint and his signature (next to the word "agent") is not entirely legible, the record contains multiple indicia of Cruz's agency relationship to SD REI, including a copy of a January 5, 2010 contract of sale for the subject property, listing Cruz as the signatory for SD REI; a copy of a letter dated January 6, 2010 to Cruz from the seller regarding the sale of the property; and the February 2010 settlement statement from the United States Department of Housing and Urban Development memorializing the transfer of the property to SD REI, signed by Cruz as a "member" on behalf of the borrower, SD REI.

{¶ 19} Cruz faxed this information to the Franklin County Board of Revision as evidence of the valuation of the property. On the fax cover sheet, he referred to himself as "manager" of SD REI. There is no question in my mind that Cruz meets the statutory criteria to file a complaint on behalf of SD REI and invoke the jurisdiction of the board of revision. Is the majority really suggesting that the *manager* of a business is not qualified to initiate a tax matter for that business?

{¶ 20} Appellant, the Columbus City Schools Board of Education, waited three years to assert that SD REI's complaint had a fatal jurisdictional defect. The difficulty in this case is that following that delay, SD REI failed to appear at any of the proceedings and has also refused to respond to the board of education's requests for discovery. This conduct is unacceptable; however, this court should not

condone the manufacture of a jurisdictional defect where there is none. I respectfully dissent.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Karol C. Fox, for appellant.

_____