Fischer, J., concurring.
{¶ 28} I agree in full with the majority opinion and concur in its judgment that the filing submitted by Scott Sweeney to appellee and cross-appellant Cuyahoga County Board of Revision ("BOR") did not invoke the BOR's jurisdiction, because he is neither an attorney nor a person who holds a position at a corporation that allows him, pursuant to R.C. 5715.19(A), to file on behalf of a corporation.
*799 {¶ 29} I write separately, however, to draw attention to this court's prior determination that the legislature may authorize certain nonlawyers to file valuation complaints on behalf of property owners when that legislative authorization does not "substantially interfere" with this court's regulation of the practice of law, Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 21-34.
{¶ 30} As I stated in my opinion concurring in judgment only in State ex rel. Emhoff v. Medina Cty. Bd. of Elections , 153 Ohio St.3d 313, 2018-Ohio-1660, 106 N.E.3d 21, ¶ 46-47 :
Article IV, Section 2(B)(1)(g) of the Ohio Constitution expressly states, "The Supreme Court shall have original jurisdiction in the * * * [a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. " (Emphasis added.) * * *
* * * [W]e have interpreted Article IV, Section 2(B)(1)(g) of the Ohio Constitution to confer on this court "exclusive jurisdiction over all matters related to the practice of law ." (Emphasis added.) * * * Disciplinary Counsel v. Alexicole, Inc. , 105 Ohio St.3d 52, 2004-Ohio-6901, 822 N.E.2d 348, ¶ 8. In that same line of cases, we have noted that "[t]his court has exclusive power to regulate, control, and define the practice of law in Ohio." (Emphasis added.)
*237 Cleveland Bar Assn. v. CompManagement Inc. , 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39.
{¶ 31} There seems to be an inconsistency between the case law interpreting the Ohio Constitution to confer on this court exclusive jurisdiction to control all matters related to the practice of law and the cases in which this court has acquiesced to the legislature's authorizing nonparty-nonlawyers to file pleadings when the authorizing legislation does not substantially interfere with our regulation of the practice of law.
{¶ 32} Because Sweeney was not authorized by R.C. 5715.19 to file the complaint in this case, this apparent inconsistency need not be resolved here. Nonetheless, this case provides another example of this court's apparent inconsistency in its jurisprudence on practice-of-law-related matters. The court should directly address the apparent inconsistency at an appropriate time and resolve it by either overruling the cases that permit entities other than this court to make practice-of-law-related decisions or explain how our jurisdiction can be exclusive when other entities also make practice-of-law-related decisions.
DeGenaro, J., concurs in the foregoing opinion.